(May 16, 1901.)

## STATE v. DUPUIS.

[65 Pac. 65.]

BILL OF EXCEPTIONS—TIME OF SERVING—STIPULATION.—The power vested by the statute in the court, or judge, to exceed the time within which the draft of a bill of exceptions in a criminal action may be served upon the adverse party cannot be exercised by the parties by stipulation.

SAME—APPEAL—STRIKING BILL OF EXCEPTIONS.—Upon appeal, in a criminal action, appellant's bill of exceptions will be stricken from the files, when it appears from the record that the draft thereof was not served within the time required by the statute, and the record fails to show that such time had been extended by the trial court, or by judge.

APPEAL FROM ORDER DENYING NEW TRIAL—DISMISSAL THEREOF.— Where appellant's bill of exceptions, in a criminal action, has been stricken out of the record, upon appeal, from any order denying a new trial, such appeal will be dismissed upon motion.

MOTION FOR NEW TRIAL—TIME WITHIN WHICH APPLICATION MUST
BE MADE.—An application for a new trial, in a criminal action,
must be made within ten days after verdict, unless the time for
making same has been extended by the court or judge thereof, and
unless application is made within such time, or the time so ex-
tended, an appeal from an order denying a new trial will be dis-
missed on motion.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Stewart S. Denning, for Appellant, cites no authorities upon
the points passed upon by the court.

Frank Martin, Attorney General, for the State.

The application for a new trial may be made before or after
judgment; and must be made within ten days after the verdict,
unless the court or judge extend the time. The record shows
that the application in this case was not made until more than
ninety days after the verdict. This question has been passed
upon by this court in *State v. Smith,* 5 Idaho, 291, 48 Pac.
1060; *Connor v. Southern Cal. etc. Co.,* 101 Cal. 429, 35 Pac.
990; *California Imp. Co. v. Baroteau,* 116 Cal. 136, 47 Pac.
1018. A motion is an application for a rule or order made
*viva voce,* to the court or judge; making out and filing a written
application for such rule is not sufficient. The attention of the
court must be called to it and the court moved to grant it.
(*People v. Ah Sam,* 41 Cal. 645; *Spencer v. Branham,* 109 Cal.
336, 41 Pac. 1095.) The third reason why the appeal should be
dismissed is that it does not appear that the bill of exceptions
or statement of the case on which said application for a new trial
was based was presented for settlement or settled within the
time required by statute, to wit, within ten days after judg-
ment had been rendered against appellant. ( *Wheeler v. Karmes,*
125 Cal. 51, 57 Pac. 893; *State v. Smith,* 5 Idaho, 291, 48 Pac.
1060; *Connor v. Southern etc. Co.,* 101 Cal. 429, 35 Pac. 990;
*In re Clary's Estate,* 112 Cal. 292, 44 Pac. 569, 570; *Witter v.
Andrews,* 122 Cal. 1, 54 Pac. 276.)

QUARLES, C. J.—The appellant was prosecuted by informa-
tion upon the charge of assault with a deadly weapon with in-

tent to kill, committed upon the person of one Grace Flemming, in the county of Latah, duly tried, a verdict rendered of "guilty of assault upon the person of another with a deadly weapon likely to produce great bodily injury, as charged in the information," and thereafter, by judgment of conviction upon said verdict, duly sentenced to serve a term of one year and six months penal servitude in the state penitentiary. Thereafter he moved for a new trial, which being denied, he appealed, both from the judgment of conviction and from the order denying him a new trial. The attorney general, on behalf of the state, has moved to strike appellant's bill of exceptions from the record, and also to dismiss the appeal from the order denying a new trial, upon the following grounds, to wit: 1. That it does not appear from the transcript filed herein that any notice of said motion was ever given to the adverse party or its counsel. 2. That it does not appear that any *viva voce* or other application for a new trial was made in this case within ten days after the rendition of the verdict herein, as required by law, or that the time to make said motion or application was extended by the court or judge. 3. That the statement of the case upon which said application or motion for a new trial was based was not served or settled within ten days after judgment herein, and that the time for filing and settling the same was not extended by any court or judge. 4. That it does not appear that the said statement of the case or bill of exceptions or draft thereof was presented to the judge of said court for settlement, or a copy thereof filed with the clerk of said court, or the judge thereof, within ten days after judgment had been rendered against appellant, or that any further time for presenting the same had been given by any judge or court. 5. That said bill of exceptions, or statement of the case, in regard to the matters therein contained, does not comply with the statutes of this state and the rules of this court. The verdict of the jury was returned and entered December 14, 1900. Judgment thereon was duly made and entered December 27, 1900. As appears from the transcript, the appellant's bill of exceptions was served upon George W. Coutts, prosecuting attorney for Latah county, on the fifteenth day of March, 1901, and on the same day was settled and allowed by

the judge of the trial court. It does not appear from the record that the time within which the draft of the bill of exceptions must be served upon the adverse party, as required by section 7941 of the Revised Statutes, was extended by the trial court, or the judge thereof. It is shown, however, that at the commencement of the trial it was agreed by counsel for both parties that both or either party should have sixty days from the close of the trial or verdict in which to prepare and serve upon the adverse party a draft of the exceptions taken at the trial.

It is argued on behalf of the appellant that this stipulation was sufficient, and for that reason that appellant's draft of his bill of exceptions was served within due time. We cannot agree with this contention. The section of the statute cited *supra* vests in the trial court, or a judge, a certain specific power, to wit, that of extending the time within which service of the draft of a bill of exceptions should be made. But, to our minds, this power cannot be exercised by the parties by stipulation, but can be exercised only by the court or a judge. For this reason, it is palpable that appellant's bill of exceptions, or draft thereof, was not served as required by the statute; that is, within the time that the statutes requires that it must be served. For this reason the motion to strike defendant's bill of exceptions from the record must be, and is, sustained. This leaves the case in this court without evidence. Hence the appeal from the order denying a new trial is of no avail, and is therefore dismissed.

Another reason for dismissing said appeal is found in the record, and is the basis of the second ground of motion for dismissal of said appeal, namely, the failure of the appellant to apply to the court, or judge thereof, for a new trial within ten days after the verdict, unless the court or judge extends the time as is required by section 7953 of the Revised Statutes. It appears from the record in this case that the application for a new trial was made December 26, 1900. This was twelve days after verdict, and not within the time required by the statute, and the record fails to show that such time was extended by the court or by the judge thereof.

This leaves this case before us upon the appeal from the judgment of conviction. The evidence introduced at the trial is not

before us, the same having been incorporated into appellant's bill of exceptions, which, for reasons hereinbefore stated, has been stricken from the record. There being no exceptions now in the record, our only inquiry is confined to the information, verdict, and judgment thereon. Inasmuch as the information states a public offense, and supports the verdict and judgment against appellant, his appeal from the judgment of conviction is also without avail. For the foregoing reasons, the judgment of conviction is affirmed.

Sullivan and Stockslager, JJ., concur.