(December 4, 1901.)

## STATE v. DAVIS.

[66 Pac. 932.]

CRIMINAL LAW—APPLICATION FOR NEW TRIAL—TIME OF MAKING THE SAME.—An application for a new trial, in a criminal action, must be made within ten days after verdict, or within such time as the trail court, or judge thereof, may within such ten days grant, and an application made thereafter must be denied.

SAME—JURISDICTION—APPEAL.—District courts have no jurisdiction to grant an application for a new trial made four years after verdict in a criminal action, and an appeal from an order denying such application will be dismissed on the ground of want of jurisdiction in the appellate court to reverse such order.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

Hawley & Puckett, for Appellant.

The doctrine of the common law, that one convicted of a felony is denied the right to a new trial, has never been the law in the United States, and is universally rejected in state and federal courts as obnoxious to, and irreconcilable with, the spirit of our institutions. No distinction is made by our courts between felonies and misdemeanors, except that a new trial is more readily granted to one convicted of felony, as the consequences of refusal are greater. (14 Am. & Eng. Ency. of Pl. & Pr. 838; *State v. Tomlinson,* 11 Ohio, 401; *State v. Jones,* 12 Mo. App. 93.) Statutes of this state relating to new trials in criminal cases: Section 7952 of the Revised Statutes of Idaho provides that defendant may have, upon his application, a new trial among other grounds: 7. "When new evidence is discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial." Section 7959 provides: "The application for a new trial may be made before or after judgment, and must be made within ten days after verdict, unless the court or judge extends the time." It is manifest that the statute authorizes the ap-

plication for and granting of a new trial upon the ground of newly discovered evidence, and it is equally clear that there is no provision in the statute in relation to the time when the application should be made in cases where the new evidence is discovered after the expiration of ten days from the time the verdict was rendered. The question is, Has the defendant the right to make this application? The statute of the state of Washington is the same as that of Idaho, and in *State v. Stowe,* 3 Wash. 206, 28 Pac. 337, 14 L. R. A. 609, the court says: "But, after all is said and done, any attempt to lay down rules of construction for this section is simply an enlargement in words of the idea so completely expressed in the statute, if it is material testimony, it can only be material, because it would tend to strengthen the applicant's case, and probably lead to different results, and if it is material, and the applicant could not have discovered it with reasonable diligence, justice demands that he should have the benefit of it. No fixed rule can be established for the measurement of every case; no iron-bound rule prescribed, but each case must be governed by the circumstances surrounding it." (*Spicer v. Simms* (Ariz.), 57 Pac. 610; *People v. Plummer,* 9 Cal. 310; *State v. Tomlinson,* 11 Iowa, 401; Waterman on New Trials, 1227; *Commonwealth v. Green,* 17 Mass. 533; *United States v. Fries,* 3 Dall. 515, 24 Fed. Cas. No. 5126; *State v. Brown,* 16 Conn. 54; *Buzzell v. State,* 59 N. H. 61; *State v. Prescott,* 7 N. H. 287, 288; *Ball v. Commonwealth,* 8 Leigh (Va.), 726; *United States v. Harding,* 1 Wall. Jr. 127, Fed. Cas. No. 15,301; *State v. Armstrong,* 48 La. Ann. 314, 19 South. 146; *People v. Kelleher* (Cal.), 16 Pac. 705; *Newgent v. Met. Ry. Co.,* 46 App. Div. 105, 61 N. Y. Supp. 476.)

Attorney General Frank Martin, for the State.

We do not deem it advisable to follow the arguments put forth in appellant's brief, as this court and all the courts of states having statutes similar to ours have held that the provisions of such statute regulating the granting of a new trial were mandatory, and that the statutory provisions must be strictly complied with, and that unless an application for a

new trial be made within the time and in the manner designated in the statute permitting applications for a new trial to be made, the court to which application was made had no jurisdiction to grant the same, and the appellate court no jurisdiction to consider an appeal from an order denying such application. For this reason we have thought best to make a motion to dismiss the appeal in this case, for the reason that the provisions of the statute in regard to applications for a new trial have not been complied with, in that the application for a new trial was not made within ten days after the rendition of the verdict in said cause, or the time for making such application was not extended by order of the court or judge. (Idaho Rev. Stats., sec. 7953; *State v. Smith,* 5 Idaho, 291, 48 Pac. 1060; *State v. Dupuos,* 7 Idaho, 614, 65 Pac. 65; *State v. Rice,* 7 Idaho, 762, 66 Pac. 87; *Conner v. Southern Cal. M. R. Co.,* 101 Cal. 429, 35 Pac. 990; *California Imp. Co. v. Baroteau,* 116 Cal. 136, 47 Pac. 1018; *Burton v. Todd,* 68 Cal. 485, 9 Pac. 663; *People v. Ah Sam,* 41 Cal. 645; *Spencer v. Branham,* 109 Cal. 336, 41 Pac. 1095; *Wheeler v. Karnes,* 125 Cal. 51, 57 Pac. 893.) However, this same question has practically been before this court in this case, and therein this court announced its decision supporting the doctrine above stated. That decision became the law of this case, and so far as this case is concerned, the question is *res judicata.* (*State v. Davis,* 7 Idaho, 776, 65 Pac. 429.)

Per CURIAM.—This is an appeal from an order denying a new trial. The application is based upon the ground of newly discovered evidence. This application was made to the district court on the twenty-fifth day of April, 1901, and four years after the judgment of conviction against the defendant. The court properly denied the motion. The application for a new trial must, under the provisions of our Penal Code (Rev. Stats., sec. 7953), be made within ten days after verdict, unless the court or judge extends the time. This court has repeatedly held that applications for a new trial, in criminal actions, must be made within ten days after the verdict, unless the time for making the application is extended by order of

court, and then must be made within the time so extended, else the application must be denied. (See *State v. Smith,* 5 Idaho, 291, 48 Pac. 1060; *State v. Dupuis,* 7 Idaho, 614, 65 Pac. 65; *State v. Rice,* 7 Idaho, 762, 66 Pac. 87.) In all litigation, both civil and criminal, controversies must at some time come to an end, and the judgments rendered by courts of competent jurisdiction settling actions or controversies between parties must at some time become a finality; hence our code provides, both in civil actions and in criminal actions, limited times in which motions for a new trial may be made in the trial courts, and provides limited times within which the judgment rendered by the trial court may be reviewed, upon appeal, by the highest judicial tribunal in the state. It is self-evident that the statutes prescribing the modes and times within which new trials may be granted, both in civil and in criminal actions, are binding upon the courts, and that the statutes prescribing the time within which appeals may be had are also binding upon the courts. Now, this court would have to ignore these well-settled rules before it could reverse the order of the district court denying this application for a new trial. If the courts may, after the lapse of four years from the rendition of the verdict and judgment in a criminal action, ignore the provisions of our Penal Code, and grant a new trial upon the ground of newly discovered evidence, then they could do so forty years after the verdict. Such a rule, whether created by judicial action or by legislative enactment, would be prejudicial to the best interests of the state. Men convicted of the most heinous crimes, and who were justly sentenced to long terms of imprisonment, for the protection of the interests of society, could, in after years, when the witnesses for the state perchance were dead or removed from the state, move for a new trial on the ground of newly discovered evidence—evidence, perhaps, that is trumped up or manufactured for the purpose—and, being granted a new trial, would escape punishment, because the state would be powerless to again prove its case against the defendant. The conditions brought about by such a rule would be deplored by every citizen who respects the public peace and desires the preservation of law and good order.

The able and eloquent counsel for the appellant insists that under the provisions of our criminal laws, as they exist in this state to-day, A might be convicted of the crime of the murder of B, and sentenced to a term of imprisonment for life, and one year afterward B might turn up alive and walk into the court which tried and sentenced A and that court would be powerless to grant to A a new trial. This contention of the able counsel is correct, but the picture which he presents is so overdrawn that there is no danger of its occurring one time in a thousand years.

Again, the case presented by this overdrawn picture presupposes the conviction of A without proof of the *corpus delicti,* which could hardly occur in any civilized country. But in the event of such case, while the power to grant relief does not rest with the courts, yet our constitution has vested the power of granting relief to another tribunal, to wit, the board of pardons.

For the foregoing reasons the appeal from said order is dismissed, this court having no jurisdiction to reverse the order denying the new trial demanded.