379 P.2d 632

The STATE of Idaho, Plaintiff-Respondent,

v.

Rufus William FREEMAN and Jerry McGuire, Defendants-Appellants.

No. 9173.

Supreme Court of Idaho.

March 5, 1963.

Rayborn, Rayborn, Rayborn & Webb, Twin Falls, for appellants.

Frank L. Benson, Atty. Gen., William E. Swope, Asst. Atty. Gen., Boise, James J. May, Pros. Atty., James M. Cunningham, Asst. Pros. Atty., Twin Falls, for respondent.

McQUADE, Justice.

On the morning of September 6, 1961, the defendants, Rufus Freeman and Jerry McGuire, were arrested by police officers near Filer, Idaho. On that same day a criminal complaint was made out, charging the defendants with the commission of a felony. The complaint, as amended on September 11, 1961, charged the defendants with the

crime of robbery alleged to have been committed in Twin Falls County, Idaho, on the 5th day of September, 1961. A preliminary hearing was held September 19, 1961, and the defendants were bound over to District Court. Thereafter, on September 28, 1961, an information was filed in District Court for Twin Falls County, against these defendants, charging them with the crime of robbery. On this same date the defendants were arraigned before the district court. At this proceeding, pursuant to the request of the defendants, the trial court appointed counsel to represent them. The following day the defendants appeared in court with their counsel and entered a plea of "not guilty" to the charges contained in the information.

Thereafter, on October 31, 1961, counsel appointed by the court petitioned the court for permission to withdraw as counsel for the defendants on the grounds that the defendants had made written request that he do so. The trial court permitted the withdrawal and on November 1, appointed other counsel to represent the defendants.

The case was tried November 8, 1961. At the trial, George Cross and George Bevell testified that they were working at the Magic Valley Drug in Twin Falls on the evening of September 5th when the defendants entered the store, and, after purchasing a package of cigarettes, forced Cross and Bevell at gunpoint into a back room, where they were commanded to lie down on the floor. These witnesses further stated that they were ordered, under threats that their "heads would be blown off," to hand over their wrist watches and billfolds. Both witnesses identified Freeman and McGuire as their assailants.

Several police officers who participated in the arrest of the defendants, testified that they stopped a taxicab in which the defendants were riding, made the arrest, and upon searching the taxicab, found guns, a blue money bag and certain other objects connecting the defendants with the crime.

The case was submitted to the jury, which returned a verdict of guilty as charged against both defendants. On November 10, 1961, the defendants were sentenced to be imprisoned in the Penitentiary of the State of Idaho for a term of not more than life imprisonment, the precise period of confinement to be determined by other authorities, according to law.

Thereafter, defendants, acting as their own counsel, filed a motion for a new trial on the grounds that the trial court had erred in denying their motion for change of place of trial; that the defendants were inadequately represented by counsel because they did not have adequate time to consult with said counsel prior to the trial; that certain evidence had been improperly admitted during the trial; and that the defendants were improperly informed of their

rights either by counsel or the trial court. The motion was mailed November 20, but not received and filed with the clerk of trial court until November 22. This motion was denied by the trial court on the grounds that it was not made within the statutory 10 day period as provided by I.C. § 19–2407.

Defendants next filed notice of appeal from the judgment of conviction. Counsel was appointed to represent the defendants and this appeal was perfected. Defendants now contend that the trial court erred in denying their motion for a new trial; that the trial court improperly refused to consider an application for clemency on behalf of the defendants and that the trial court erred in entering final judgment of conviction against the defendants for the reason that they were denied their right to counsel, the jury was improperly instructed as to the law, and improper verdicts were submitted to the jury.

I.C. § 19–2407 establishes the time within which application for a new trial must be made as follows:

"The application for a new trial may be made before or after judgment; and must be made within ten days after verdict, unless the court or judge extends the time."

The record is devoid of any indication that the trial court extended the time for application for a new trial. The jury arrived at a verdict on November 8, 1961. Judgment of conviction was entered on November 10. The motion for new trial was not mailed until November 20 and not filed until November 22. The trial court properly denied the motion for a new trial on the ground that it was not timely made. State v. Neil, 58 Idaho 359, 74 P.2d 586; State v. Davis, 8 Idaho 115, 66 P. 932; State v. Davis, 7 Idaho 776, 65 P. 429; State v. Rice, 7 Idaho 762, 66 P. 87; State v. Dupuis, 7 Idaho 614, 65 P. 65. The motion for a new trial not being timely made was properly denied and renders unnecessary a discussion of the grounds urged by the appellants in support of said motion.

Appellants contend the jury was improperly instructed as to the law of the case in that the trial court failed to specifically instruct the jury that "it is the burden of the prosecution to prove every essential element of the offense charged beyond a reasonable doubt;" because the trial court failed to include in its instructions to the jury a definition of the term "reasonable doubt," and because the trial court failed to instruct the jury that it could find one of the defendants guilty and the other not guilty. While appellants admit that they did not request any instructions, they contend that the trial court had a duty to give such instructions on its own motion and failure to do so constitutes reversible error.

In State v. Patterson, 60 Idaho 67, 88 P.2d 493, this court stated:

" * * * 'on the trial of a criminal action it is the bounden duty of the trial court, of its own motion, to give to the jury pertinent instructions by which the jury may be correctly informed with respect to the essential legal principles that are applicable to the evidence that has been adduced; and that failing in that regard, the fact that proper instructions have not been requested by either party to the action will not cure such error.'

*     *     *     *     *     *

" 'Although it is not the duty of the court to give instructions to the jury upon specific points developed by the evidence unless such instructions are requested, it is nevertheless the duty of the court in criminal actions to give to the jury instructions on the general principles of law pertaining to the case on trial.'

*     *     *     *     *     *

"We have no statute requiring the judge to advise counsel, beforehand, of what will be included in the instructions, and believe it to be the general practice of attorneys to rely on the judge, of his own motion, to give what are commonly referred to as 'stock instructions,' in criminal cases, covering such questions as 'burden of proof', 'presumption of innocence' and 'reasonable doubt', and to advise the jury as to the nature and elements of the crime charged. The practice is not general in this state, if it exists at all, of preparing requests for instructions stating the fundamental principles of law, applicable to all criminal cases, which are generally given by the judge of his own motion."

I.C. § 19–2132, insofar as it is pertinent to the issues to be decided in this case, provides as follows:

"In charging the jury, the court must state to them all matters of law necessary for their information."

This Court, in the case of State v. Parish, 79 Idaho 75, 310 P.2d 1082, construed I.C. § 19–2132 as follows:

" * * * I.C. § 19–2132 charges the trial judge with the duty of instructing the jurors on what he believes to be 'matters of law necessary for their information.' His stock instructions, given on his own motion, are intended to state the fundamental principles of law applicable in all criminal cases, and additionally, 'to advise the jury as to the nature and elements of the crime charged.' "

It becomes necessary to determine whether the instructions appellant contends the trial court failed to give were in fact not given; if not given, whether such instructions may be classified as "stock instructions".

Appellant contends that the trial court failed to specifically instruct the jury that "it is the burden of the prosecution to prove every essential element of the offense charged beyond a reasonable doubt." The court instructed the jury on this issue as follows in Instruction No. 3:

"The Court instructs you that the law presumes every defendant who is charged with crime to be innocent until he has been proven guilty beyond a reasonable doubt. And in this case the Court instructs you that if, after you have considered all the evidence in the case, you have a reasonable doubt of the guilt of the defendant, he is entitled to the benefit of that doubt and to an acquittal. This presumption of innocence attends the defendant throughout the trial and at the end entitles him to an acquittal unless the evidence in the case, when all considered, satisfies you of his guilt beyond a reasonable doubt."

Instruction No. 4, after setting out the material allegations contained in the information, instructs the jury as follows:

"If the evidence does not satisfy you beyond a reasonable doubt of the truth of each and all of the foregoing matters, you will give the defendants the benefit of that doubt and acquit them."

■ We conclude that the above quoted instructions properly appraised the jury of the fact that the state has the burden of proving the offense charged beyond a reasonable doubt. See State v. Sheppard (Ct. App., Mo.), 294 S.W. 121.

■ Appellants assign as error the failure of the trial court to define the term "reasonable doubt" in its instructions to the jury. The rules of the various jurisdictions in the United States with regard to the question whether such an instruction is required to be given the jury are by no means in accord. In Federal Courts, the rule is that refusal of the trial court to give an instruction defining reasonable doubt, when requested, constitutes reversible error, Egan v. United States, 52 App.D.C. 384, 287 F. 958; Schencks v. United States, 55 App.D.C. 84, 2 F.2d 185; Nanfito v. United States, 8 Cir., 20 F.2d 376; Blatt v. United States, 3 Cir., 60 F.2d 481; and that, even absent a request, the better practice is to give such an instruction, Mundy v. United States, 85 U.S.App.D.C. 120, 176 F.2d 32. A number of state courts have held that an instruction defining reasonable doubt is unnecessary. State v. Johnson, 213 S.C. 241, 49 S.E.2d 6; Dennison v. State, 91 Ga.App., 143, 85 S.E.2d 179; Sims v. State, 203 Ga. 668, 47 S.E.2d 862; Boutwell v. State, 165 Miss. 16, 143 So. 479; Simmons v. State, 206 Miss. 535, 40 So.2d 289; State v. Ransom, 340 Mo. 165, 100 S.W.2d 294; Pierce v. State, 159 Tex.Cr.R. 504, 265 S.W.2d 601; State v. Goettina, 61

Wyo. 420, 158 P.2d 865. A few courts have gone so far as to state that an instruction defining reasonable doubt should not be given, Brookshire v. State (Crim.App., Okl.), 284 P.2d 752; Wallace v. State, 96 Okl.Cr. 163, 250 P.2d 484; People v. Leach, 398 Ill. 515, 76 N.E.2d 425.

Those courts holding instructions defining reasonable doubt unnecessary state that the term is self defining, Boutwell v. State, supra; Pierce v. State, supra. In State v. Ransom, supra, that Court held:

" 'It is difficult to explain simple terms like "reasonable doubt" so as to make them plainer. Every attempt to explain them renders an explanation of the explanation necessary.' "

In 23 A C.J.S. Criminal Law § 1268, p. 658, it is stated:

"It has been held that the phrase 'reasonable doubt' is self explanatory, that definitions thereof do not clarify its meaning but rather tend to confuse the jury, and that therefore instructions defining it are unnecessary and should not be given, particularly when no specific request is made therefor."

Under the facts of this case, we conclude that no reversible error was committed by the trial court when it failed to instruct the jury as to the definition of the term "reasonable doubt."

■ Appellants assign as error the failure of the trial court to instruct the jury that they could find against one defendant and for the other. In McDaniel v. State, 74 Ga.App. 5, 38 S.E.2d 697, the court considered this question. That Court stated:

"The gist of the assignment of error is that the court should have instructed the jury that they would be authorized, if they believed the State's evidence beyond a reasonable doubt, to find one of the defendants not guilty and the other guilty, * * *. Under the facts of this case the court committed no error as contended in this ground. By consent of the parties, and approval of the court, they were both tried together. The evidence is identical as to each. So far as the State's evidence is concerned, both defendants were present. * * * There does not appear from the record any reason why the jury should have found one guilty and the other not guilty, * * *."

See also State v. Fisher, 108 Mont. 68, 88 P.2d 53, wherein that court held:

"Error is claimed because the court refused to give to the jury a form of verdict that would allow the conviction of one of the defendants and the acquittal of the other. Counsel for defendant offered no instruction covering this point. If such a verdict were prop-

er, the duty rested on the defendant to offer an instruction covering that situation. A situation like this was discussed by the Georgia court in Welborn v. State, 116 Ga. 522, 42 S.E. 773, 774: 'There was no request on the part of either of the defendants that the trial judge should instruct the jury as to the circumstances under which they might make a separate finding as to either one of the defendants. They were indicted as joint perpetrators of the offense * * * charged. They did not choose to sever. They were tried together under evidence which was practically the same as to each. Had either of the defendants desired an addition to the charge which was given, he should have requested it. Having failed to do so, we cannot rule, under the facts, that the judge's failure so to charge was error.' "

In the instant case, defendants were jointly charged with the commission of the crime. They were tried together, without objection, and the evidence was the same as to both defendants. An instruction that the jury could find one of the defendants guilty and the other not guilty is not a "stock instruction" embracing fundamental principles of law applicable in all criminal cases, such as this court contemplated in the cases of State v. Patterson, supra, and State v. Parish, supra. Therefore, we conclude that the trial court committed no reversible error in failing, without request therefor, to instruct the jury, on its own motion, on this point. McDaniel v. State, supra; State v. Fisher, supra. See also, State v. Robinson, 71 Idaho 290, 230 P.2d 693.

Appellants contend their counsel did not have adequate time to prepare their defense and that this had the effect of denying them their constitutional right to counsel. It is alleged that while their attorney was appointed to represent these appellants seven days prior to the date of trial, he did not consult with the appellants until two days before the trial. It should be noted that no motion for a continuance was made upon the grounds of inadequacy of time to prepare for the trial. Further, a review of the record indicates that counsel for the appellants actively participated in the trial. He cross examined the State's witnesses and made timely objections to the introduction of certain evidence during the course of the trial. The record and appellants' brief fail to disclose the existence of any meritorious defense that was not adequately or properly presented during the trial. In People v. Logan, 137 Cal.App. 2d 331, 290 P.2d 11, it was said:

"* * * the record is devoid of any showing that defendants were not well represented at the trial or that they could have presented a meritorious or even a plausible defense. The claims

they made of inadequate representation were groundless."

See also Gray v. United States, 112 U.S. App.D.C., 86, 299 F.2d 467.

In Tarrence v. Commonwealth, (Ky.) 265 S.W.2d 40, that Court stated:

"There is no indication in the affidavit supporting the motion that any other testimony in the defendant's behalf might be available, and there is nothing in the record showing that the defendant was deprived of testimony of any material witness, or that the attorney could have done anything more than he did or have made a better defense * * *."

The handling of the defense by counsel will not be declared inadequate except in cases where counsel displays such a lack of diligence and competence as to reduce the trial to a "farce or sham". People v. Ricks, 161 Cal.App.2d 674, 327 P.2d 209; 23 C.J.S. Criminal Law § 982(8), pp. 968–970. The record discloses no such inadequacy on the part of counsel in this case. We find the following statement from the case of United States v. Stoecker, 7 Cir., 216 F.2d 51, equally applicable herein:

"Advocacy is a skill and art; easy to criticize, difficult to fairly appraise. Indeed, a post-mortem of criminal trials, selected at random, would undoubtedly reveal flaws of varying magnitude in the trial techniques of re-spected members of the bar. Our profession is one in which hindsight is a meager measure of counsel's competency. Trial strategy is seldom viewed with a uniform eye.

"* * * Not only is this record barren of such evidence (of incompetency of counsel), it is utterly devoid of those extreme manifestations * * *."

Appellants complain of the refusal of the trial court to hear an application for clemency. Appellants state in their brief that upon return of the jury's verdict, the trial court stated to counsel for the defendants:

"* * * in view of the record of these defendants the Court will not consider an application for clemency."

The Clerk's Minutes contain the following statement:

"* * * the Court did not consider application made for clemency by counsel for defendants."

■ It is contended by appellants that I.C. § 19–2601, giving the trial Court power to commute sentences, and suspend or withhold judgment, in its discretion, requires that the Court, in the exercise of such discretion, hear applications for clemency. In State v. O'Dell, 71 Idaho 64, 225 P.2d 1020, I.C. § 19–2601 was construed as follows:

"Sec. 19–2601, I.C., which extends to district courts the power to reduce the

sentence provided by statute * * * or to suspend the execution of the judgment, or the pronouncement of sentence, or to withhold judgment * * * at his discretion, is a humane provision, permitting the court, in proper instances, to exercise clemency in imposing sentence. The purpose of the statute is the * * * rehabilitation of a defendant, * * * and to give him an opportunity to reform and take his proper place in society."

In State v. Ellis, 70 Idaho 417, 219 P.2d 953 and again in State v. Mitchell, 77 Idaho 115, 289 P.2d 315, this Court stated:

" 'By the provisions of Section 19–2601, I.C. the trial court is vested with discretion to grant or refuse an application for parole. The trial court must exercise this judicial discretion in a lawful and legal manner. He must give consideration to the application and grant or deny the same in the exercise of a sound, legal discretion. The refusal of the application must not be arbitrary and cannot be based upon mere whim or caprice nor upon any ground not sanctioned by the law.' "

To fulfill the intendment of the statute, the trial court must afford the defendants full opportunity to present evidence in their behalf in mitigation of circumstances or toward those circumstances which may afford an opportunity for rehabilitation whether this be for a lesser term of imprisonment or parole as might otherwise influence the court in passing sentence from the evidence adduced on a trial of the cause.

The judgment of conviction of appellants of the crime of robbery is affirmed. The cause, however, is remanded to the trial court with directions to set aside the sentences heretofore pronounced and to afford appellants an opportunity to make a showing in support of their application for clemency; to grant or deny the application in whole or in part and to again pronounce sentence.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.