57 P.3d 509

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry Peter PARROTT, Defendant–Appellant.**

**No. 27799.**

Court of Appeals of Idaho.

Oct. 7, 2002.

Rehearing Denied Oct. 4, 2002.

Larry Peter Parrott, Boise, pro se appellant.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent.

## SUBSTITUTE OPINION

### THE COURT'S PRIOR OPINION DATED SEPTEMBER 18, 2002, IS HEREBY WITHDRAWN

PERRY, Chief Judge

Larry Peter Parrott appeals from the district court's order denying his motion for a new trial and his motion to amend that motion into a petition for a writ of habeas corpus. We affirm.

### I.

### BACKGROUND

Following trial in August 1985, a jury found Parrott guilty of infamous crime against nature. Parrott received an indeterminate life sentence. Parrott filed an appeal, which was dismissed by the Idaho Supreme Court on June 2, 1986. Parrott also filed an application for post-conviction relief, which the district court dismissed. Parrott appealed, and the Idaho Supreme Court affirmed the dismissal. *See Parrott v. State*, 117 Idaho 272, 787 P.2d 258 (1990). Parrott also filed petitions for writs of habeas corpus in federal court, both of which were denied. *See Parrott v. Arave*, 996 F.2d 1226 (9th Cir.1993).

In April 2001, Parrott filed a pro se motion for a new trial based upon ineffective assistance of counsel and newly discovered evidence. He later moved to amend the motion into a petition for a writ of habeas corpus. The district court denied both motions. Parrott now appeals.

### II.

### STANDARD OF REVIEW

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct.App.1995). When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate

court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Whether a district court properly applies a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Horn,* 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct.App.1993).

## III.

## ANALYSIS

■ Parrott moved for a new trial based upon ineffective assistance of counsel. Idaho Code Section 19–2406 sets forth the circumstances in which a new trial may be granted. Ineffective assistance of counsel is not an enumerated statutory ground for which a new trial may be granted. *State v. Roberts,* 129 Idaho 194, 197, 923 P.2d 439, 442 (1996). Therefore, Parrott's motion for new trial was properly denied in this regard.

■ Parrott also sought a new trial based upon newly discovered evidence. Idaho Code Section 19–2406 allows the granting of a new trial when new evidence is discovered material to the defense and which could not with reasonable diligence have been discovered and produced at the trial. Even upon proper grounds such as newly discovered evidence, a motion for a new trial must be filed within the time limits provided by statute and by court rules. *See* I.C. § 19–2407; I.C.R. 34. Under I.C. § 19–2407, the application for a new trial must be made within the time provided by the Idaho Criminal Rules unless the court or judge extends the time. In turn, Rule 34 requires that a motion for a new trial based upon newly discovered evidence may· be made only before or within two years after final judgment.[1] The

time for filing a motion for a new trial based upon newly discovered evidence may not be extended unless an application for extension of time to file the motion is made within the statutory time limit. If such application is not made within the statutory time limit, the district court has no jurisdiction to consider a motion for a new trial filed outside the specified time period. *See State v. Davis,* 8 Idaho 115, 66 P. 932 (1901).

In this case, final judgment was entered on June 2, 1986, when the Idaho Supreme Court dismissed Parrott's direct appeal. Parrott filed his motion for a new trial in April 2001, approximately thirteen years beyond the two-year time limit imposed by Rule 34. The Idaho Supreme Court has addressed the untimely filing of a motion for new trial when it was based upon grounds other than newly discovered evidence. *See State v. Freeman,* 85 Idaho 339, 379 P.2d 632 (1963). In *Freeman,* the defendants' motion for a new trial was filed only two days after the statutory time limit had expired. The trial court therefore denied the motion as untimely. On appeal, the Idaho Supreme Court affirmed the trial court's ruling and held that the motion "not being timely made was properly denied and renders unnecessary a discussion of the grounds urged by the appellants in support of [the] motion." *Id.* at 343, 379 P.2d at 633–34. Because Parrott's motion for a new trial was filed fifteen years after final judgment, the same is true in this case. Although requested by Parrott, the district court had no jurisdiction to extend the time limit for filing Parrott's motion. Thus, the district court's denial of Parrott's motion was proper.

■ Additionally, the district court denied Parrott's motion to amend the motion into a petition for a writ of habeas corpus, Idaho Code Section 19–4209(5) provides:

With respect to a petition filed by an in-state prisoner the court should not grant a writ of habeas. corpus unless ... the court finds that the prisoner's state or federal constitutional rights may have been violated relative to:

---

1. Although not applicable to this case, motions for a new trial based upon other statutory grounds must be made within fourteen days after verdict, finding of guilt, or imposition of sentence, or within such further time as the court may fix during the fourteen-day period. *See* I.C.R. 34.

(a) Conditions of confinement;

(b) Revocation of parole;

(c) Miscalculation of his sentence;

(d) Loss of good time credits;  or

(e) A detainer lodged against him.

If, after review under this subsection, the court finds that the allegations do not state a state or federal constitutional claim, the court may dismiss the petition without a hearing.

Ineffective assistance of counsel and newly discovered evidence are not grounds for which a court may grant a writ of habeas corpus. Parrott therefore failed to assert a proper basis for granting habeas review. Thus, the district court did not err in denying Parrott's motion to amend.

## IV.

### CONCLUSION

A criminal defendant must apply for a new trial within the time limits set forth in I.C. § 19–2407 and I.C.R. 34. Any extension of the time limit must be sought by a criminal defendant before its expiration. Parrott's motion for new trial was filed well beyond the required time limit. Additionally, Parrott's motion to amend his motion into a writ of habeas corpus failed to state a proper basis for granting habeas review. Thus, we affirm the district court's order denying Parrott's motion for new trial and motion to amend into a writ of habeas corpus.

Judge LANSING and Judge GUTIERREZ, concur.