**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46839**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 6, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NATHAN NICHOLAS HELBURN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order denying motion for new trial, <u>affirmed</u>.

Nathan N. Helburn, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Chief Judge

Nathan Nicholas Helburn appeals from the district court's order denying his motion for new trial. In his brief, Helburn does not assert how the district court erred below, but argues there is newly discovered evidence that requires a new trial. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2010, Helburn was charged with first degree murder with a deadly weapon. Pursuant to a plea agreement, Helburn pled guilty to second degree murder. He was sentenced to a unified term of life imprisonment with ten years determinate. Helburn appealed, arguing his sentence is excessive. This Court affirmed his conviction and sentence in 2011. *State v. Helburn*, Docket No. 38597 (Ct. App. Nov. 15, 2011) (unpublished). The Idaho Supreme Court denied Helburn's petition for review and the remittitur was entered.

On February 7, 2019, Helburn filed a motion for new trial, claiming there was newly discovered evidence; namely, two witnesses that would testify the victim hid Helburn's psychiatric medications from him. The district court denied Helburn's motion under Idaho Criminal Rule 34, finding it lacked jurisdiction to consider the matter because it was untimely. Helburn timely appeals.

## II.

## ANALYSIS

Helburn argues he is entitled to a new trial based on newly discovered evidence but fails to assign error to the district court's decision below. The State argues the district court did not err in determining it lacked jurisdiction to consider the motion, and this Court similarly lacks jurisdiction to consider the merits of Helburn's argument.

A question of jurisdiction is fundamental; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal. *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003). Issues about the district court's jurisdiction are issues of law, over which the Court exercises independent review. *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004).

The district court held that I.C.R. 34 required Helburn's motion to be filed within two years of the final judgment.[1] Helburn's failure to timely file resulted in the court's inability to hear the motion. Rule 34(b)(1) states:

> Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within two years after final judgment, if an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

The district court noted that Helburn's motion was not filed within the limitations period, and he did not request an extension.[2] It held, "this court lacks jurisdiction to hear the motion." We

---

[1]    For the purposes of this rule, a judgment becomes "final" not when the judgment of conviction is entered by the district court, but when the appeal or time for appeal has ended. *See State v. Parrott*, 138 Idaho 40, 42, 57 P.3d 509, 511 (Ct. App. 2002).

[2]    The time for filing a motion for a new trial based upon newly discovered evidence may not be extended unless an application for extension of time to file the motion is made within the statutory time limit. If such application is not made within the statutory time limit, the district court has no jurisdiction to consider a motion for a new trial filed outside the specified time period.

*Parrott*, 138 Idaho at 42, 57 P.3d at 511.

agree that the district court did not have the jurisdiction to consider the matter. A judgment becomes final when the appeal or time for appeal has ended. Helburn's two-year limit began to run after the remittitur was entered in November of 2011, giving him until 2013 to timely file.[3] Helburn's motion for new trial was filed in January 2019, over five years beyond the two-year time limit imposed by Rule 34. Helburn makes no supported argument to the contrary. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding that when issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered).

## III.

## CONCLUSION

Helburn's motion for new trial was untimely under Idaho Criminal Rule 34. Therefore, the district court correctly determined it did not have jurisdiction to hear the motion. Accordingly, we affirm the district court's order denying Helburn's motion.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[3] The district court held: "Helburn's motion comes nearly seven (7) years past the limitations period . . . ." It appears the district court calculated the limitations period to run from the judgment of conviction in 2010, which would have given him until 2012 to file a motion for a new trial, making Helburn roughly seven years past the expiration of his window to timely file. We assume the remittitur was the "final judgment" for purposes of the rule, which was entered on November 29, 2011, giving him until November 2013 to file. Therefore, Helburn is five years past the expiration of his window to timely file.

3