289 P.2d 315

The STATE of Idaho, Plaintiff-respondent,

v.

Kenneth MITCHELL, Defendant-appellant.

No. 8200.

Supreme Court of Idaho.

Oct. 26, 1955.

116

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., S. J. Bellwood, Pros. Atty., Rupert, for respondent.

Max G. Lloyd, Twin Falls, for appellant.

PORTER, Justice.

On the morning of March 24, 1953, appellant was driving his Chrysler automobile in a westerly direction on a public highway in Minidoka County. At the same time one Ray Herboldt was driving his Ford automobile in a northerly direction on an intersecting public highway. Appellant drove his automobile without stopping through a stop sign at the intersection of such highways. The two automobiles collided and one Maria Miller, a passenger in the Ford automobile, was killed in the collision.

Appellant was tried and convicted of involuntary manslaughter. At the time of pronouncement of sentence, appellant moved for leniency and asked the court to suspend the execution of judgment or to withhold judgment and to put appellant on probation. Appellant's motion was denied and the court sentenced appellant to serve a term of imprisonment in the State Prison not exceeding ten years. Appellant has appealed from both the judgment of conviction and the order of the court denying probation.

In this appeal the verdict of the jury finding the defendant guilty of involuntary manslaughter is not challenged by appellant. The only contention made by appellant is that the court erred in refusing to place appellant on probation as provided by Section 19–2601, I.C. as amended. Such section, as amended, reads as follows:

"Whenever any person shall have been convicted, or enter a plea of guilty in any District Court of the State of Idaho, of or to any crime against the laws of the State, except those of treason or murder, the court may, in its discretion, commute the sentence, confine the defendant in the county jail, or if the defendant is of proper age, in the State Industrial School, suspend the execution of the judgment, or withhold judgment on such terms and for such time as it may, at such time or at any time during the term of sentence in the county jail, prescribe and may put the defendant on probation in charge of some proper person selected and designated by the court for that purpose, and make such orders relative thereto as the Court in its sound discretion deems necessary and expedient."

The policy embodied in Section 19–2601, I.C., as amended is set out in State v. O'Dell, 71 Idaho 64, at page 69, 225 P.2d 1020, at page 1022, as follows:

"Sec. 19–2601, I.C., which extends to district courts the power to reduce the sentence provided by statute by confining the defendant in the county jail, or to suspend the execution of the judgment, or the pronouncement of sentence, or to withhold judgment and place the convicted person on probation at his discretion, is a humane provision, permitting the court, in proper instances, to exercise clemency in imposing sentence. The purpose of the statute is the reformation and rehabilitation of a defendant, particularly a first offender, and to give him an opportunity to reform and take his proper place in society."

In State v. Bonza, 106 Utah 553, 150 P. 2d 970, Syllabus 2 it is said: "The purpose of the statute authorizing probation is to provide opportunity for reformation." See also, State v. Zolantakis, 70 Utah 296, 259 P. 1044, 54 A.L.R. 1463.

In passing upon appellant's motion for probation, among other things, the trial judge said:

"The evidence is conclusive that Mr. Mitchell was driving from east to west, running the stop sign. And all twelve of the jurymen so believed and rendered their verdict in this case, of involuntary manslaughter, notwithstanding the fact that the Court defined, in its instructions to the jury, both reckless driving and negligent driving, verdicts whereby they could have returned a verdict against the defendant for reckless driving or for negligent driving, both of them being included offenses, or elements, in the charge of manslaughter. Now, the jury didn't see fit to do this; they found the defendant guilty of involuntary manslaughter in the killing of Maria Miller. The fact that the defendant has not, or has no prior criminal record, and he has brought witnesses here in his defense, good citizens of this county, to substantiate the fact that his reputation for truth and veracity is good and decent, and that was all before the jury at the time they considered the case. *The Court would feel that this would not justify it in permitting probation of the defendant.*" (Emphasis supplied.)

It thus appears the trial judge was of the opinion that the jury having refused to bring in a verdict for a lesser offense and having found appellant guilty of involuntary manslaughter, the trial judge should not grant probation. It is apparent the trial judge did not consider and did not give any weight to the other facts and circumstances surrounding the case. While the trial judge should consider the offense of which a defendant is found guilty and the facts in connection with the commission of such offense, he must go further in considering a defendant's application for probation. A defendant must either have pleaded guilty or have been found guilty by a jury before the question of probation can arise. In considering an application for probation the court must also consider, among other things, the showing made as to whether the defendant is a first offender, as to his previous character and actions, and as to whether it reasonably appears that defendant will abide by the terms of his probation and may be reasonably expected to be rehabilitated; and should also consider the interests of society.

Appellant is 29 years of age. He has served two separated enlistments in the armed services. He has a wife and two children. He has no prior criminal record. He is gainfully employed. He bears an excellent reputation as a good citizen in the community where he lives. He was going to his place of work in the early morning at the time the accident happened. He was not driving at an unusual or excessive speed. His offense did not involve criminal intent. He was seriously and permanently injured in the accident and was in the hospital for several months. The probation officer made a favorable report to the court. Appellant was entitled to have the court consider all these facts in exercising its.

discretion in the determination of whether the application of appellant for probation should be granted. It was error for the trial judge not to consider the same, and to base his refusal of appellant's application for probation solely upon the action of the jury.

In State v. Ellis, 70 Idaho 417, at page 421, 219 P.2d 953, at page 955, we said:

"By the provisions of Section 19-2601, I.C. the trial court is vested with discretion to grant or refuse an application for parole. The trial court must exercise this judicial discretion in a lawful and legal manner. He must give consideration to the application and grant or deny the same in the exercise of a sound, legal discretion. The refusal of the application must not be arbitrary and cannot be based upon mere whim or caprice nor upon any ground not sanctioned by the law. State v. Yockey, 57 Idaho 497, 66 P. 2d 111. See also, People v. Lippner, Cal.App., 16 P.2d 1020; People v. Blankenship, 16 Cal.App.2d 606, 61 P. 2d 352; People v. Wiley, 33 Cal.App. 2d 424, 91 P.2d 907; People v. Payne, 106 Cal.App. 609, 289 P. 909."

The question of whether the trial court exercised its discretion in passing upon the application for probation or whether the trial court refused to exercise its discretion upon all the facts and based its refusal of probation upon a ground not sanctioned by law is a question of law reviewable upon appeal. People v. Jones, 87 Cal. App. 482, 262 P. 361; People v. Donovan, 376 Ill. 602, 35 N.E.2d 54.

The conviction of appellant of the crime of involuntary manslaughter is affirmed. The order of the trial court denying appellant's application for probation is reversed and the cause is remanded to the trial court with directions to set aside the sentence heretofore pronounced and to consider the entire showing made by appellant on his application for probation at the time fixed by the court to again pronounce sentence.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.