404 P.2d 347

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**James D. GRADY, Defendant-Appellant.**

**No. 9552.**

Supreme Court of Idaho.

July 22, 1965.

Vernon K. Smith, Boise, for appellant.

Allan G. Shepard, Atty. Gen., Weldon S. Wood, Asst. Atty. Gen., Martin V. Huff, Pros. Atty., Ada County, Boise, for respondent.

McFADDEN, Justice.

James D. Grady, appellant herein, after waiving preliminary hearing, was charged by information of the crime of selling liquor without a license, to which charge he entered his plea of guilty. Subsequently he was adjudged guilty of the crime charged and sentenced to serve a term of two years in the state prison. After sentence was imposed he discharged his counsel who had represented him throughout the district court proceedings, and retained present counsel. He then moved the court for an order to withhold execution of the judgment and for the court to reconsider his previous application for probation. He also moved for an order to allow him to withdraw his plea of guilty and in lieu enter a plea of not guilty. These motions were denied by the trial court, and this appeal was perfected from the denial of his motions and from the judgment.

The charging part of the information reads:

"That the said defendant, JAMES D. GRADY, on or about the 3rd day of March, 1964, at 1410½ North 16th Street, Boise, Ada County, Idaho, then, and there being, did then and there knowingly, wilfully and feloniously sell intoxicating liquor while he,

the said defendant was without a license, as provided by Title 23, Chapter 9 Idaho Code."

By appropriate assignments of error, appellant asserts that the information filed is insufficient to charge the commission of a crime. Specifically, he charges that the information fails to recite that the alleged sale was a sale at retail, pointing out that under Chapter 6, Title 23, Idaho Code, the unlawful sale of liquor is only a misdemeanor, although under Chapter 9 of Title 23 (which chapter has reference to "retail sale of liquor by the drink only",) such a sale is a felony. In addition he asserts that the information is defective as it does not specify that the "intoxicating liquor" allegedly sold was one of those dispensed by or in the state liquor store, pointing to the definition of "liquor" in I.C. § 23–902 (f); that the information is defective for failing to specify the kind of "license" he failed to have; and that it is defective in failing to specify the name of the person to whom the alleged sale was made. He further asserts that the information does not contain a statement of the offense in such ordinary and concise language as to enable the defendant to know the charge against him, and that the information is so indefinite that a judgment of conviction or acquittal thereunder would not be a bar to a subsequent prosecution.

The state contends, however, that these deficiencies were waived by his plea of guilty and that he can not at this time raise such claimed defects in the information. It is the state's position that under the provisions of I.C. § 19–1419, no indictment is insufficient, nor can the trial, judgment or other proceedings thereon, be affected, by reason of any defect or imperfection in matter of form which does not prejudice the substantial right of the defendant upon its merits. The State additionally contends that under I.C. § 19–2819 and § 19–3702, this court, for a reversal of judgments in criminal actions, may not rely upon technical defects which do not prejudice a defendant in respect to a substantial right.

I.C. § 19–1409 requires that an information or indictment contain the title of the action, the court, and the names of the parties and "A statement of the *acts* constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." (Emphasis added). I.C. § 19–1411 requires that the information or indictment must be direct and certain as to the party charged, the offense charged and *"The particular circumstances* of the offense charged, when they are necessary to constitute a complete offense." (Emphasis added). I.C. § 19–1418, provides that an indictment or in-

formation is sufficient if it can be understood therefrom, among other items set out, the following:

"6. That the *act or omission* charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

"7. That the *act or omission* charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon conviction, according to the right of the case." (Emphasis added).

Correlative with these statutory requirements for an indictment and with the tests of its sufficiency, there is yet another test as to its sufficiency. If the information fails to describe the offense with such particularity so as to serve as a shield in the event of a second prosecution for the same offense, such information is insufficient. State v. Bowman, 40 Idaho 470, 235 P. 577; State v. Lottridge, 29 Idaho 53, 155 P. 487; State v. O'Neil, 24 Idaho 582, 135 P. 60.

In State v. Lottridge, supra, this court stated:

"This court in the case of State v. O'Neil, 24 Idaho, 582, 135 Pac. 60, discussing the sufficiency of the indictment and quoting from the case of Cochran v. United States, 157 U.S. 286, 15 Sup.Ct. 628, 39 L.Ed. 704, said: 'But the true test is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' The court further said in that opinion: 'An indictment is sufficient if the words employed make the charge clear to the common understanding.' "

4 Anderson, Wharton's Criminal Procedure § 1762 (1957) states:

"The constitutional right of the accused to be informed of the nature and cause of the accusation against him requires that every material fact and essential element of the offense be charged with precision and certainty in the indictment or information. He has a substantive right to be informed by the indictment or information in simple, understandable language of the crime he is charged with and the acts constituting the crime, in sufficient detail to enable him to prepare his defense and to be protected in the event

of double jeopardy, and to define the issues so that the court will be able to determine what evidence is admissible, and to pronounce judgment."

■■■ Chapter 9 of Title 23, Idaho Code governs the retail sale of liquor by the drink. Failure of the information to allege that the purported sale was made at retail does not make the information uncertain, for it refers to the chapter which deals exclusively with such a sale at retail. The same can be said as to the failure of the information to specify the type of license the appellant allegedly failed to have. The information accuses appellant of commission of a felony for failure to have a license, and hence could have reference only to the license issued by the Commissioner of Law Enforcement of the State of Idaho. The definition of "license" contained in the chapter referred to in the information has reference to the license issued by the State Commissioner of Law Enforcement. I.C. § 23-902(c). The use of the word "feloniously" in the information and the reference to Chapter 9, Title 23, excludes the possibility of the charge having reference to a misdemeanor the penalty for which is fixed by I.C. § 23-935, or as defined by Chapter 6, Title 23, Idaho Code. The failure of the information to specify the "intoxicating liquor" allegedly sold was one dispensed by or in the state liquor store cannot be considered a fatal defect, be-

cause the gravamen of the offense as defined by I.C. § 23-938, is the sale of *any* liquor without a license, regardless of its type or source, as distinguished from a felony charge against a licensee for sale of liquor except that purchased from the Idaho state liquor dispensary, as prescribed by I.C. § 23-914.

The courts are divided on the question of whether an information charging an offense of sale of liquor without a license must set out the name of the person to whom the sale is made. 27 Am.Jur. 644, Indictments and Information § 82, note 6; 30 Am.Jur. 717, Intoxicating Liquors § 316.

In 2, Woolen and Thornton, Intoxicating Liquors, §§ 877-878, the problem of whether it is essential that the name of the purchaser be set forth in the information or complaint is thoroughly discussed. Therein in § 877 it is stated:

"Hopeless confusion exists in the cases on the question of the necessity of naming the purchaser of the liquor. There is a long line of cases that it is necessary. The reason for this requirement has been stated thus: 'The statute makes each act of selling a crime. It is proper that the act be so described as to identify it from other acts of a similar kind as near as practicable. And this can be best done by giving the name of the vendee, if known, or if unknown, so alleged:

[State v. Pischel, 16 Neb. 608, 21 N.W. 468] * * * Similar language was used by another court: "An offense charged should be described with certain sufficiency to inform the defendant of the particular thing with which he is charged. Otherwise he cannot know how to prepare his defense. Such certainty is also requisite that he may conveniently avail himself of an acquittal or conviction, in bar of a subsequent prosecution for the same matter." ' " [State v. Schmail, 25 Minn. 368. See: Nelson v. United States, CC 9, 30 F. 112].

In § 878, the authors discuss the cases from jurisdictions which hold that the name of the purchaser is not necessary to be set out in the information. The authors, however, criticize these cases by pointing out that the issue as to the validity of the indictment is hinged solely upon the fact of a sale of the liquor, and overlook the requirement that all the facts showing a sale should be set forth therein, not merely the conclusion that a sale was made.

█ In our opinion the better rule is to require the name of the purchaser of the liquor be set forth in the information; otherwise, how can a defendant know, even upon a plea of guilty, which specific series of acts is the one culminating in the criminal charge, the information and conviction? This is consonant with the requirement of I.C. § 19–1409 that the indictments contain "A statement of the *acts* constituting the offense in ordinary and concise language, * * *", and the requirements of I.C. § 19–1411, that the indictment must be direct and certain as it regards "[t]he particular circumstances of the offense charged * * *." It is also in accord with the requirement that the indictment or information describes the offense with sufficient particularity that it can be used as a shield in case of second prosecution for the offense. Earp v. State, 20 Ariz. 569, 184 P. 942 (1919); Fletcher v. State, 2 Okl. Cr. 300, 101 P. 599, 23 L.R.A.(N.S.) 591 (1909); Fehringer v. People, 59 Colo. 3, 147 P. 361 (Colo.1915).

█ An information must be specific enough that a defendant will be advised as to the particular section of the statute he is being charged with having violated, and in addition it must set forth a concise statement of the facts constituting the alleged offense which statements must be so sufficient that the particular offense may be identified with certainty as to time, place and persons involved. The information in this cause fails to set forth the facts with the required particularity. The deficiencies are more than a mere matter of form; they involve a basic and substantial right of the appellant. Idaho Const. Art. 1 § 13.

█ Even though a plea of guilty was entered by the appellant herein, that does

not bar him from raising jurisdictional defects in the information. State v. Dawn, 41 Idaho 199, 239 P. 279; 22 C.J.S. Criminal Law § 424(7), pp. 1199, 1200; 4 Anderson, Wharton's Criminal Law and Procedure § 1901 (1957).

The remaining assignment of error which we will discuss (I.C. § 1–205) presents the issue of whether the trial court erred in refusing appellant the opportunity of examining a presentence investigation report. After appellant's plea of guilty, his counsel made a statement to the court which was accepted as an application for probation. The trial court, pursuant to I.C. § 19–2601 and I.C. § 20–220, ordered a presentence investigation and set the matter for further hearing at a later date. A presentence investigation report was submitted to the trial court. At the time set for further consideration of the application for probation, appellant appeared with his counsel. At that time the court stated that the report had been received and that "it is not really favorable to the defendant * * *,". This report had not been submitted to either the appellant or his counsel. At this proceeding the court asked whether there was any legal cause known to appellant or to his counsel why sentence should not be pronounced. In response to this inquiry, appellant and his counsel each replied they knew of no legal cause why sentence should not be pronounced, and the court then sentenced appellant to the penitentiary for a term of not to exceed two years. The presentence report was ordered sealed and filed.

In State v. Freeman, 85 Idaho 339, 379 P.2d 632, this court affirmed a judgment of conviction but remanded the cause with directions to set aside the sentence pronounced and to afford the appellants an opportunity to make a showing in support of their application for clemency. There this court, referring to prior opinions stated:

"In State v. O'Dell, 71 Idaho 64, 225 P.2d 1020, I.C. § 19–2601 was construed as follows:

'Sec. 19–2601, I.C., which extends to district courts the power to reduce the sentence provided by statute * * * or to suspend the execution of the judgment, or the pronouncement of sentence, or to withhold judgment * * * at his discretion, is a humane provision, permitting the court, in proper instances, to exercise clemency in imposing sentence. The purpose of the statute is the * * * rehabilitation of a defendant, * * * and to give him an opportunity to reform and take his proper place in society.'

"In State v. Ellis, 70 Idaho 417, 219 P.2d 953 and again in State v. Mitchell, 77 Idaho 115, 289 P.2d 315, this Court stated:

'"By the provisions of Section 19–2601, I.C. the trial court is vested with discretion to grant or refuse an application for parole. The trial court must exercise this judicial discretion in a lawful and legal manner. He must give consideration to the application and grant or deny the same in the exercise of a sound, legal discretion. The refusal of the application must not be arbitrary and cannot be based upon mere whim or caprice nor upon any ground not sanctioned by the law."'

"To fulfill the intendment of the statute, the trial court must afford the defendants full opportunity to present evidence in their behalf in mitigation of circumstances or toward those circumstances which may afford an opportunity for rehabilitation whether this be for a lesser term of imprisonment or parole as might otherwise influence the court in passing sentence from the evidence adduced on a trial of the cause."

As pointed out in State v. Freeman, supra, if the intendments of I.C. § 19–2601 are to be fulfilled, an accused must be afforded full opportunity to present evidence in his behalf in mitigation of circumstances or toward those circumstances which may afford an opportunity for rehabilitation. When a trial court receives information from an investigation report, the accused must have a reasonable opportunity to examine such report so that, should he desire, he may explain and defend adverse matters therein. Otherwise the opportunity to present evidence would be meaningless. Zeff v. Sanford, 31 F. Supp. 736 (U.S.D.C., Georgia, 1940), Aff'd 114 F.2d 1018; Driver v. State, 201 Md. 25, 92 A.2d 570 (1952); Kuhl v. District Court, 139 Mont. 536, 366 P.2d 347, (1961); Robalewski v. Superior Court, 197 A.2d 751 (R.I.1964). See also: Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed.2d 1337; 49 Columbia Law Review, 567.

The judgment of conviction is reversed and the cause remanded to allow defendant to withdraw his plea and for further proceedings thereafter.

McQUADE, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.