404 P.2d 595

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Clyde GISH, a/k/a Roy Albert King,
Defendant-Appellant.**

**No. 9600.**

Supreme Court of Idaho.

July 30, 1965.

J. Blaine Anderson, of Furchner, Ander-
son & Beebe, Blackfoot, for appellant.

336

Allan G. Shepard, Atty. Gen., Thomas G. Nelson, Deputy Atty. Gen., Boise, Dean Williams, Pros. Atty., Blackfoot, for respondent.

McFADDEN, Justice.

Defendant, Clyde Gish, was previously tried on a charge of murder in the first degree, and by the jury found guilty of the crime of voluntary manslaughter. A ten year sentence was imposed, and defendant appealed to this court. See: State v. Gish, 87 Idaho 341, 393 P.2d 342. Upon appeal, the judgment of conviction was affirmed,

but the cause was remanded with directions to the trial court to set aside the sentence imposed and afford the defendant an opportunity to make a showing in support of his application for leniency.

The matter came on for hearing before the trial court on July 27, 1964, at which time the sentence previously imposed was vacated. Defendant then moved for consideration of his application for probation or for leniency, at which time he submitted to the court certain letters from friends and acquaintances where he had lived and been employed prior to his trial. In his motion for probation, defendant added as an additional ground that he had by his actions, conduct and demeanor during ·the time he had been on bail pending the first appeal in the matter (a period of practically a year), demonstrated that he was a suitable subject for probation. At this hearing the court accepted the letters submitted by the defendant and directed that a pre-sentence investigation report be made. The court stated that he had already interviewed the probation officer and requested that in making the pre-sentence investigation, such probation officer considered the file of the district court and also request information from the probation departments of the states of Oregon and California (where defendant had lived prior to his trial). The court then continued the matter for approximately a month.

On the day set for the next hearing, the defendant appeared with his counsel, at which time the court advised the defendant that the probation officer making the pre-sentence investigation report had not as yet completed it and continued the matter until September 14, 1964.

On this latter date defendant and his counsel again appeared before the court. The court inquired if there was any legal cause why sentence should not be imposed, at which time defendant's counsel again renewed his application for probation, and forcefully argued to have defendant placed on probation. After all arguments of defendant's counsel and counsel for the state were completed, the trial court sentenced defendant to imprisonment in the penitentiary for a term not to exceed ten years.

This appeal was taken from the judgment and sentence imposed and from the order and decision of the court in denying defendant's application for probation or leniency. Defendant has assigned four errors, which can be summarized as follows:

1.  The trial court abused its discretion in denying him probation or leniency and re-imposing a ten year sentence.

2.  The trial court erred in failing to give defendant ample time to review the presentence investigation report in order to rebut or explain any false accounts, hearsay, or other unfavorable matter contained therein.

3. That there was no oral written presentation in open court or in Chambers in the presence of the defendant of the matters contained in the probation officer's report.

4. That defendant was not afforded a legal hearing on his application for leniency or probation.

These assignments of error break down into two categories: the first going to the discretion of the trial court concerning the imposition of sentence, and the second, encompassing the last three assignments of error, deal with the procedure employed by the trial court at the time he announced that he had considered the various matters and determined to deny probation.

■■■■ As concerns the first category, this court has held that the pronouncement of the sentence to be imposed is within the discretion vested in the trial court and will not be disturbed by this court in the absence of an abuse of such discretion. State v. Weise, 75 Idaho 404, 273 P.2d 97; State v. Yockey, 57 Idaho 497, 66 P.2d 111; State v. Farnsworth, 51 Idaho 768, 10 P.2d 295. It has also been held that a sentence fixed within the limits prescribed by statute will not ordinarily be considered as an abuse of discretion by the trial court. State v. Powell, 71 Idaho 131, 227 P.2d 582; State v. Farnsworth, supra.

■■ After a plea of guilty or upon a conviction after trial, consideration of an application for probation is directed to the discretion of the trial court. State v. Mitchell, 77 Idaho 115, 289 P.2d 315.

In State v. Mitchell, supra, this court in affirming a judgment of conviction, but in remanding the cause to the trial court to set aside a sentence imposed and to consider the showing made by the defendant, advised the trial court:

"* * * In considering an application for probation the court must also consider, among other things, the showing made as to whether the defendant is a first offender, as to his previous character and actions, and as to whether it reasonably appears that defendant will abide by the terms of his probation and may be reasonably expected to be rehabilitated; and should also consider the interests of society." At 77 Idaho 118, 289 P.2d 316.

In the instant cause the record indicates that the trial court has substantially complied with the requirements as discussed in the Mitchell case, supra. The trial court at the time of pronouncement of sentence stated:

"Gentlemen, in this case the defendant received a fair and just trial; he was represented by competent counsel;

every means of the court was made available to the defendant, and to the prosecution, to determine the facts upon which this case was tried. * * * The Court has carefully studied this case; has studied all of the information available to it; and I might state that the Court is not influenced by the opinion of anyone (sic) person. And it appears to the Court that we have here a defendant, who in many respects has shown himself to be a good citizen—that is reflected in his business activities. Comments were made by people who knew him, that he had high business ethics. On the other hand, we have a man who is shown to be impulsive, who is inclined to take things into his own hands, if necessary to make threats with firearms, or threaten people, to kill them, if their conduct did not happen to meet with his immediate approval. Now, instances of this type have happened before his apprehension, following the unfortunate incident out at Atomic City. Have also happened while he was on bond and his case was on appeal to the Supreme Court of Idaho."

■ The record indicates that the trial court fully considered all matters brought before it on the question of whether defendant should be considered as a person suitable for probation, and hence no error appears as claimed by defendant's first assignment of error.

A more serious problem is presented by the second category of errors assigned. Defendant strenuously claims that prejudicial error was committed by the trial court in not presenting to him or his counsel the pre-sentence investigation report in sufficient time to study it fully in order to determine whether there were matters contained therein adverse to the defendant that he may have wished to refute. The issue thus presented is somewhat analogous to that in the case of State v. Grady, 89 Idaho 204, 404 P.2d 347, (July 22, 1965), where a defendant had not been given an opportunity to examine a pre-sentence investigation report. In that case this court quoted from State v. Freeman, 85 Idaho 339, 379 P.2d 632, as follows:

" 'To fulfill the intendment of the statute [I.C. § 19–2601] the trial court must afford the defendants full opportunity to present evidence in their behalf in mitigation of circumstances or toward those circumstances which may afford an opportunity for rehabilitation whether this be for a lesser term of imprisonment or parole as might otherwise influence the court in passing sentence from the evidence adduced on a trial of the cause.' "

**340**

Continuing in the case of State v. Grady, this court stated:

> "When a trial court receives information from an investigation report, the accused must have a reasonable opportunity to examine such report so that, should he desire, he may explain and defend adverse matters therein. Otherwise the opportunity to present evidence would be meaningless."

■ The record discloses in this cause, however, that appellant's counsel had an opportunity before the hearing to examine this report with the supporting data. If defendant was granted insufficient time to consider these matters, it was incumbent upon him to seek a continuance and to indicate to the trial court wherein the report or material was erroneous or subject to misinterpretation.

■ In considering a case such as is here presented it must be kept in mind that the application for probation is to be considered under the provisions of I.C. § 19-2601, which statute authorizes a trial court to commute the sentence, suspend the execution of the judgment, or withhold judgment on such terms as the court in its discretion may think proper. This proceeding must not be confused with R 19-2515 and R 19-2516, dealing with inquiry into mitigating or aggravating circumstances. These two rules were first enacted by the legislature in 1887 at the fourteenth session of the Territorial Legislature, and appear as §§ 7992, 7993 of the Revised Codes of 1887. At the same time the following sections were enacted:

> "The several sections of this code which declare certain crimes to be punishable as therein mentioned, devolves a duty upon the court authorized to pass sentence, to determine and impose the punishment prescribed." R.C. § 6306 (I.C. § 18-106).

> "Whenever, in this code, the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case, must be determined by the court authorized to pass sentence within such limits as may be prescribed by this code." R.C. § 6307 (I.C. § 18-107).

In 1909 the legislature enacted the indeterminate sentence law. S.L.1909, p. 82, H.B. 214. At subsequent sessions the legislature amended this law to its present form, I.C. § 19-2513. Prior to enactment of the indeterminate sentence law, the time to be served by a convicted person was fixed by the court, which necessarily required proof of mitigating or aggravating circumstances in order to impose a just sentence. However, after the adoption of the indeterminate sentence law, the relative importance of such hearings was decreased, for the actual sentence was subject to the further

consideration of the Prison Board, now the State Board of Corrections, to establish the actual time such convicted person must serve.

The application for probation under the provisions of I.C. § 19–2601 is not in the form of an application for mitigation of punishment, as contemplated by R 19–2515, but is an application for the exercise of the law's humane provisions to allow a person an opportunity to become rehabilitated under proper control and supervision. The hearings to be conducted under such provisions are not a retrial of any matter of guilt or innocence of the defendant, for that has already been established, but an inquiry into his background, his activities, his previous record, his education, his environment, and all other matters which will assist the trial court in determining whether he is a fit subject for probation or commutation of sentence. Unlike the hearings provided by R 19–2515 and 19–2516, where the determination already has been made that the punishment is to be imposed and all that remains is determination of the degree of punishment, the issues presented by an application under I.C. § 19–2601 pertain to the question whether the person shall be punished at all, or be given an opportunity to rehabilitate himself.

The fact that no formal testimony was presented by the prosecution at this hearing in the instant case is immaterial. The court had before it the previous record of the trial, the various letters submitted by appellant, and the report of the pre-sentence investigation and then made the determination that appellant was not a fit subject for probation. Under all the circumstances we discern no error in that determination; basically that decision is one resting in the trial court's discretion, which when exercised, in the absence of abuse, will not be disturbed.

Defendant in this cause made no application for additional time to present further matters to the trial court. Any error which may have been committed by the trial court in not granting more time for examination of the report cannot now be considered as grounds for reversal. Any claimed error should have first been brought to the attention of the trial court, and upon failure to do so cannot be raised for the first time here on appeal. State v. Hall, 86 Idaho 63, 383 P.2d 602; State v. Goodmiller, 86 Idaho 233, 386 P.2d 365.

The judgment is affirmed.

McQUADE, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.