416 P.2d 44

**Edward Albert KING, Petitioner-Appellant,**

v.

**The STATE of Idaho, Defendant-Respondent.**

**No. 9672.**

Supreme Court of Idaho.

June 27, 1966.

John W. Barrett, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and M. Allyn Dingel, Jr., Asst. Atty. Gen., Boise, for respondent.

TEXAS:

McFADDEN, Chief Justice.

Edward Albert King, appellant, entered a plea of guilty to second degree murder in the District Court of the Fifth Judicial District, Bannock County, with judgment being entered January 19, 1965, sentencing him to serve a term of not to exceed sixty years, which sentence appellant is presently serving in the Idaho State Penitentiary.

. Appellant petitioned the Third District Court of Ada County for a writ of habeas corpus, contending that his sentence by the Bannock County District Court was illegal. The trial court entered an order denying and dismissing the petition on the ground that appellant's petition was premature and failed to show the sentence was illegal or constituted cruel or inhuman punishment. Appellant has appealed from such order. Appellant contends that the court erred in holding his petition was prematurely filed; that the petition did not state grounds for issuance of a writ of habeas corpus in that the sentencing judge did not have the right to fix a sentence of sixty years as punishment for second degree murder; that a sixty year term is unlawful, illegal and excessive, and in violation of Idaho Const. Art. 1 § 6, being out of proportion to the nature of the crime to which the plea of guilty was entered. .

The substance of appellant's argument is that under I.C. § 18–4004 [1] he was sentenced to serve a term not to exceed 60 years, and that under I.C. § 20–223 [2] his application for parole cannot be considered until he has served at least one-third of his sentence or twenty years. But, if he had been sentenced to life imprisonment under I.C. § 18–

4004, he would be eligible to be considered for parole after the expiration of at least ten years. Thus, he asserts that he was given an illegal and excessive sentence and is entitled to a writ of habeas corpus to correct the judgment by resentencing.

This court has repeatedly held that the authority to fix the maximum sentence resides with the district judge, and that such sentence will not be disturbed by this court, in the absence of abuse of discretion, if the sentence imposed is within the statutory limits; State v. Gish, 89 Idaho 334, 404 P.2d 595 (1965); State v. Weise, 75 Idaho 404, 273 P.2d 97 (1954); State v. Yockey, 57 Idaho 497, 66 P.2d 111 (1937); State v. Farnsworth, 51 Idaho 768, 10 P.2d 295 (1932); also, that a sentence fixed within the limits prescribed by statute will not ordinarily be considered as an abuse of discretion by the trial court. State v. Powell, 71 Idaho 131, 227 P.2d 582 (1951). A sentence imposed within the limits prescribed by statute ordinarily will not be regarded as cruel and unusual. State v. Iverson, 77 Idaho 103, 289 P.2d 603 (1955); Mahaffey v. State, 87 Idaho 233, 392 P.2d 423 (1964).

It cannot be said as a matter of law that a sixty year sentence is a greater sentence or imposes a greater penalty than does a sentence for life, and hence the imposition of a sixty year sentence, instead of a sentence for life is within the statutory limitations.

Appellant does not claim that he is entitled to a discharge upon the present proceeding. He seeks a declaration by this

---

1. I.C. § 18–4004—PUNISHMENT FOR MURDER.—"Every person guilty of murder in the first degree shall suffer death or be punished by imprisonment in the state prison for life, and the jury may decide which punishment shall be inflicted. Every person guilty of murder in the second degree is punishable by imprisonment in the state prison not less than ten years and the imprisonment may extend to life."

2. I.C. 20–223—PAROLE, RULES AND REGULATIONS GOVERNING—OFFENSE NOT PARDONABLE. "* * *

provided, however, that no person serving a life sentence in the state penitentiary shall be eligible for release on parole until he has served at least ten years. That no person serving sentence in the state penitentiary for any of the following crimes, to-wit: homicide in any degree, * * * or murder in the second degree, shall be released on parole before he has served at least one-third of his sentence. * * *"

court as to the time when the State Board of Corrections must consider an application by him for probation. The trial court properly held that the application for the writ of habeas corpus was premature, inasmuch as at least ten years had not as yet elapsed, when under appellant's theory, he would be eligible to submit his application for parole. In re Chase, 18 Idaho 561, 110 P. 1036 (1910); Matter of Setters, 23 Idaho 270, 128 P. 1111 (1913). Respondent's assertion that habeas corpus may not be employed as an appellate remedy is correct. Mahaffey v. State, supra, and Stokes v. State, 90 Idaho 339, 411 P.2d 392 (1966).

No appeal having been taken from the judgment and sentence, proper procedure would require appellant to await the lapse of at least ten years when he would be eligible to apply for parole had he been sentenced to life imprisonment.

Order affirmed.

McQUADE, TAYLOR, SMITH and SPEAR, JJ., concur.