464 P.2d 931

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**William H. BUTLER, Defendant-Appellant.**

**No. 9983.**

Supreme Court of Idaho.

Feb. 10, 1970.

Manweiler, Webb & Tway, Boise, for defendant-appellant.

Robert M. Robson, Atty. Gen., and Mack A. Redford, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Chief Justice.

On November 23, 1966 the defendant-appellant, William H. Butler, pleaded guilty to a charge of second degree murder and was sentenced by the court to serve a term not to exceed seventy-five (75) years in the Idaho State Penitentiary. In passing sentence, the court stated

"* * * my primary duty being to protect society and the only thing I can do is to take whatever action is in my power to isolate you from society for as long as I can and strange as it may seem under our law a life sentence, while on its face it is the longest you can be isolated, under the rules and provisions as to parole you would be eligible sooner

for parole under a life sentence than you would under a sentence for a number of years, I feel obligated in view of the nature of this crime to give you the sentence that I feel would protect society the longest. For these reasons it is the sentence of the court you serve not to exceed 75 years in the Idaho State Penitentiary."

The defendant has appealed to this court, contending that the district court abused its discretion in sentencing him to serve seventy-five years because if a life sentence had been imposed he would have been eligible for parole after serving ten years whereas under I.C. § 20–223 he must serve one-third of a sentence for second degree murder, or, in this case, twenty-five years, before becoming eligible for parole.

I.C. § 20–223 provides that

" * * * no person serving a life sentence in the state penitentiary shall be eligible for release on parole until he has served at least ten years. * * * [And] no person serving sentence in the state penitentiary for * * * murder in the second degree, shall be released on parole before he has served at least one-third of his sentence."

The present case is controlled by this court's decision in King v. State, 93 Idaho 87, 456 P.2d 254 (1969), which held that sentences in excess of thirty years are to be treated, for parole purposes, as life sentences and that a defendant serving such a sentence is eligible for parole after serving ten years. Therein it is stated:

"This statute [I.C. § 20–223], when construed together with the two provisos quoted above, expresses an intent by the legislature: (1) to grant parole eligibility to prisoners serving the maximum sentence of life imprisonment after ten years; (2) to grant parole eligibility to prisoners serving lesser sentences for certain other crimes after an amount of time equal to one-third the sentence. Since the maximum punishment for sec-ond degree murder under I.C. Section 18–4004 is life imprisonment, the legislature could not have intended to sanction a denial of parole eligibility for more than ten years of a sentence in any case. Thus, all defendants sentenced to less than life imprisonment become eligible for parole after ten years or less. Stated differently, sentences of thirty years or more must be treated for purposes of parole eligibility as effective life sentences.

"In this case, appellant's sixty-year sentence must be treated for parole purposes as an effective life sentence, and therefore he will be eligible for parole after serving ten years of the sentence."

■ Since, then, the appellant will be eligible for parole after serving ten years, regardless of whether he had been sentenced to life imprisonment or to seventy-five years, there can be no abuse of discretion by the trial court in sentencing him to the latter term.

■ It should also be noted that the appellant's sentence is within the limits prescribed by I.C. § 18–4004. This court has stated on numerous occasions that the length of a sentence is within the discretion of the district court and that a sentence will be set aside only for an abuse of discretion, which ordinarily will not appear when the sentence is within the limits prescribed by statute. State v. Dunn, 91 Idaho 870, 434 P.2d 88 (1967); King v. State, 91 Idaho 97, 416 P.2d 44 (1966); State v. Gish, 89 Idaho 334, 404 P.2d 595 (1965).

We find no abuse of discretion on the part of the trial court since the sentence is within the statutory limits and the appellant is, regardless of the length of the sentence, eligible for parole after serving ten years. Accordingly, the judgment of the trial court is affirmed.

McQUADE, DONALDSON and SPEAR, JJ., and MAYNARD, District Judge, concur.