477 P.2d 106

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Charles Rex IZATT, Defendant-Appellant.**

**No. 10618.**

Supreme Court of Idaho.

Nov. 16, 1970.

---

Michael C. Moore, Lewiston, for defendant-appellant.

Robert M. Robson, Atty. Gen., Martin R. Ward, Sp. Asst. Atty. Gen., Boise, Roy E. Mosman, Pros. Atty., Lewiston, for plaintiff-respondent.

DONALDSON, Justice.

The sole question involved in this appeal is whether imposition of a ten year sentence on a robbery conviction was an abuse of the trial court's discretion.

The pertinent facts surrounding the appeal are as follows. In September, 1969, Charles Rex Izatt was arrested and charged with the crime of robbery.[1] At a preliminary hearing held on September 30, 1969, one Cleve Montgomery testified that Izatt grabbed him from behind and held a knife on him. Izatt took three or four dollars and some keys frcm Montgomery.

At his arraignment on October 9, 1969, Izatt entered a plea of "not guilty." During Izatt's trial, defense counsel advised the court that defendant desired to change his plea from "not guilty" to "guilty." The trial court examined Izatt with respect to the voluntariness of his plea and satisfied itself that the plea was the product of Izatt's own free voluntary act.

Subsequent to a presentence investigation and report, Izatt waived a hearing in mitigation. He was sentenced to ten years in the Idaho State Penitentiary on December 8, 1969.

Izatt has appealed to this Court from the judgment convicting him of robbery and urges that the district court abused its discretion by imposing a ten year sentence upon him.[2] Appellant maintains that the sentence was unduly harsh since no physical harm was caused to the victim[3] and because only a few dollars were stolen. This Court has on numerous occasions[4] held that,

"Pronouncement of sentence to be imposed is within the discretion of the trial court and will not be disturbed by this court in absence of abuse of discretion. A sentence fixed within the limits prescribed by the statute will not ordinarily be considered abuse of discretion by the trial court. State v. Gish, 89 Idaho 334, 404 P.2d 595 (1965); King v. State, 91 Idaho 97, 416 P.2d 44 (1966)." State v. Dunn, 91 Idaho 870 at 876, 434 P.2d 88 at 94 (1967).

The reasons supporting this Court's determination that the trial court did not

1. "18-6501. Robbery defined.—Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

2. "18-6503. Punishment for robbery.— Robbery is punishable by imprisonment in the state prison not less than five years, and the imprisonment may be extended to life."

3. However, the record indicates that Izatt used a knife during the robbery and scratch marks were left on the victim.

4. State v. Weise, 75 Idaho 404, 273 P.2d 97 (1954); State v. Butler, 93 Idaho 492, 464 P.2d 931 (1970); State v. Dunn, 91 Idaho 870, 434 P.2d 88 (1967).

abuse its discretion in the case at bar are the following:

(1) Appellant had the opportunity to be heard at a mitigation hearing prior to sentence but failed to avail himself of this opportunity;

(2) Appellant committed a crime of violence which he perpetrated by means of a deadly weapon (knife). In light of these facts it cannot be said that the district court abused its discretion by sentencing Izatt to a term of ten years.

Judgment affirmed.

McFADDEN, C. J., and McQUADE, SHEPARD, and SPEAR, JJ., concur.