486 P.2d 1019

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Anna Lee BRONSON, Defendant-Appellant.**

**No. 10699.**

Supreme Court of Idaho.

June 29, 1971.

Herman E. Bedke, Burley, for appellant.

W. Anthony Park, Atty. Gen., and Martin R. Ward, Deputy Atty. Gen., Boise, and Donald J. Chisholm, Pros. Atty., Minidoka County, Rupert, for respondent.

McQUADE, Chief Justice.

This appeal comes to us after defendant-appellant Anna Lee Bronson pled guilty to the crime of possession of an enumerated drug, lysergic acid diethylamide, without having obtained a valid prescription and with the intent to sell the same. She was sentenced to a term in the Idaho State Penitentiary not to exceed four years. It is the sentence that is in issue upon this appeal.

Appellant was one of a group of six young people, sixteen to eighteen years old, apprehended by the State in connection with the possession and unlawful sale of enumerated drugs. It appears from the record that several of these youths, including appellant's older brother, had been trafficking in drugs for some time. Appellant herself, though not admitting to any sales of drugs other than the one which gave rise to this conviction, has admitted to extensive unlawful use of various drugs including marijuana and L.S.D. (lysergic acid diethylamide) during a three year period preceding her arrest and conviction. The drugs seized in the raid which resulted in appellant's arrest included heroin, marijuana and morphine and were estimated to be worth up to $10,000 on the illegal drug market.

The appellant was sixteen years old at the time of her arrest and conviction. She was enrolled in high school, but the presentence report indicates she was receiving failing grades in her classes. She had no prior convictions upon criminal charges of any kind, though she had been arrested for shoplifting once previously.

Appellant contends the district court abused its discretion in imposing so severe a sentence upon the appellant. The statutory provision under which appellant was sentenced (I.C. § 37-3304) provides for a maximum sentence of five years imprisonment and a $5,000 fine upon conviction of engaging in the proscribed activity.

Only last year, this Court stated:

"[T]he length of a sentence is within the discretion of the district court and that a sentence will be set aside only for an abuse of discretion, which ordinarily will not appear when the sentence is within the limits prescribed by statute. [Citations omitted]." [1]

This rule has been consistently adhered to by this Court.[2] This case, however, is far from ordinary, and therefore requires a more detailed treatment than an appeal from a sentence within the statutory limits might ordinarily receive.

We cannot escape the fact that appellant is only sixteen years old. One confronted with this harsh reality—a child, without legal capacity to vote,[3] to contract,[4] or to marry,[5] yet sentenced to four years in the state penitentiary—must suffer misgivings about the exercise of judicial discretion through which this result obtains. Yet, for this Court to rationally determine whether the imposition of the sentence here in issue amounts to an abuse of discretion, we must examine the alternatives available to the district court in the exercise of its sentencing discretion. As noted by the district court, the sentencing options include placing appellant on probation, committing her to the Youth Rehabilitation Division,[6] committing her to the county jail for a specified term, or committing her to the Idaho State Penitentiary for a term not to exceed five years. The first alternative—granting a suspended sentence and probation—would appear to be of doubtful value in this instance. Appellant has been involved with dangerous drugs during the crucial formative years of age thirteen through sixteen by her own admission. She is failing in school, and claims no employable skills.

Her older brother and four friends have also been convicted of the use and sale of dangerous drugs. There is little likelihood of achieving rehabilitation, in our view, by returning appellant to this unstable environment. The probation officer's report is negative and of little probative value regarding rehabilitation.

A sentence to the county jail, in our view, would be of even less value. As the district court noted in imposing sentence upon appellant, there is a lack of counseling, schooling, or vocational training. The appellant would remain in the community in which she encountered and became a part of the drug subculture. There is no assurance that contacts with that subculture would be eliminated.

Commitment to the Youth Rehabilitation Division, with a recommendation that she be remanded to the State Youth Training Center for an indeterminate period not to exceed her twenty-first birthday, also poses serious problems. The district court judge, in considering this alternative, noted that he felt the appellant is too knowledgeable, her offense too sophisticated, to confine her with the juvenile delinquents at the Center.

A sentence to the state penitentiary presents depressing disadvantages in any case, but those shortcomings are magnified in consequence many times when the recipient of the sentence is a young disoriented girl sixteen years old. Nevertheless, the judiciary has limited options in the disposition of any case upon the conviction of a defendant. So long as no constitutional infirmity is established, we are bound to employ one of the dispositions the legislature has provided.

1. State v. Butler, 93 Idaho 492, 493, 464 P.2d 931, 932 (1970).

2. State v. Dunn, 91 Idaho 870, 876, 434 P.2d 88 (1967); King v. State, 91 Idaho 97, 98, 416 P.2d 44 (1966); State v. Gish, 89 Idaho 334, 338, 404 P.2d 595 (1965).

3. Idaho Const., art. VI, § 2.

4. I.C. § 29–101.

5. I.C. § 32–202.

6. A district court judge may commit a juvenile offender to the Juvenile Rehabilitation Division of the State Board of Health, with the recommendation that the offender be committed by that agency to the State Youth Rehabilitation Center. See I.C. § 16–1801 et seq.

The appellant, under the sentence appealed from, is not inevitably committed to spend four years sitting in a cell in the state penitentiary. The State Board of Corrections has the power to transfer appellant to the State Board of Health for treatment under the Youth Rehabilitation Act,[7] to transfer appellant to another institution "in order to provide an appropriate program of rehabilitation or treatment," [8] or to grant appellant parole,[9] as it deems appropriate under the statutory guidelines. The sentencing judge and this Court must presume, in the absence of evidence to the contrary, that the State Board of Corrections will faithfully execute its duties.[10] We cannot say, in view of the options available to the sentencing judge and the record before him, that the appellant's sentence amounts to an abuse of discretion.

The judgment is affirmed.

McFADDEN, DONALDSON, SHEPARD and SPEAR, JJ., concur.

---

7. I.C. § 16-1838.

8. I.C. § 20-701 (Western Interstate Corrections Compact, art. IV [a]).

9. I.C. § 20-223.

10. Mosman v. Mathison, 90 Idaho 76, 86, 408 P.2d 450 (1965) ; American Fruit Growers, Inc. v. Walmstad, 44 Idaho 786, 793, 260 P. 168 (1927) ; United Bonding Ins. Co. v. Castle, 444 P.2d 454, 458 (Alaska, 1968) ; Town of Frisco v. Brower, 467 P.2d 801, 803 (Colo., 1970).