504 P.2d 397

The STATE of Idaho, Plaintiff-Respondent,

v.

Robert A. ATWOOD, Defendant-Appellant,

and

Michael L. Williams, Defendant.

No. 10946.

Supreme Court of Idaho.

Dec. 18, 1972.

William J. Tway, Boise, for defendant-appellant.

W. Anthony Park, Atty. Gen., Wayne V. Meuleman, Asst. Atty. Gen., J. D. Williams, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

The appellant and defendant below, Robert A. Atwood, and one Michael L. Williams, both pled guilty to the charge of first degree murder of John W. Jacoby. Both Atwood and Williams were sentenced to terms not to exceed life.

The facts are not in dispute. On August 27, 1970, defendant Williams devised a plan to enter Jacoby's apartment and steal a stereo set. The record indicates that Williams, appellant's roommate, entered the adjoining Jacoby apartment through the attic. Appellant entered the apartment through the front door to help defendant Williams remove the stereo from the apartment. At this time Jacoby entered the apartment and threatened to call the police. When appellant's attempts to talk Jacoby out of calling the police failed, appellant hit Jacoby three times and then tried to get Williams to leave. Williams, by his own admission at the hearing on mitigation, disregarded appellant's pleas to leave the apartment and proceeded to kill Jacoby by cutting his throat. The two of them then took the stereo set to Caldwell, Idaho, where they sold it.

Appellant's sole assignment of error is that the punishment imposed upon him by the trial court, a term not to exceed life, is excessive considering that it was Williams who did the actual killing.

In cases involving murder in the first degree, I.C. 18–4004 provides in pertinent part:

"18–4004. PUNISHMENT FOR MURDER.—Every person guilty of murder in the first degree shall suffer death *or be punished by imprisonment in the state prison for life,* . . ." (Emphasis added).

This Court in State v. Powell, 71 Idaho 131, 227 P.2d 582 (1951), held that it is within the discretion of the trial court to determine whether punishment shall be death or life imprisonment. In *Powell* this Court held:

"Upon a plea of guilty, the trial judge is clothed by the statute with the power and duty of fixing the punishment. It is within his sound discretion to determine whether the punishment shall be life imprisonment or death. Unless such discretion is abused, it will not be disturbed by this court." State v. Powell, 71 Idaho 131, at 136, 227 P.2d at 585.

More recently, in State v. Ogata, No. 11056, Nov. 16, 1972,* we examined Idaho cases dealing with the trial court's sentencing discretion and cited State v. Butler, 93 Idaho 492, 464 P.2d 931 (1970), in which this Court held:

"[T]he length of a sentence is within the discretion of the trial court and . . . a sentence will be set aside only for an abuse of discretion, which ordinarily will not appear when the sentence is within the limits prescribed by statute." 93 Idaho 492, at 493, 464 P.2d at 932.[1]

In the case at bar, there is nothing to indicate that the trial court abused its discretion in imposing the sentence specifically provided for in I.C. 18–4004 as the lesser of two sentences.

Judgment affirmed.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.

---

* Editorial Note: Opinion withdrawn and new opinion filed, March 1, 1973.

1. *See also* State v. Bronson, 94 Idaho 306, 486 P.2d 1019 (1971); State v. Dunn,

91 Idaho 870, 434 P.2d 88 (1967); King v. State, 91 Idaho 97, 416 P.2d 44 (1966); State v. Gish, 89 Idaho 334, 404 P.2d 595 (1965).