516 P.2d 362

**STATE of Idaho, Plaintiff-Respondent,**

v.

**James B. TROWBRIDGE, Defendant-Appellant.**

**No. 11412.**

Supreme Court of Idaho.

Nov. 29, 1973.

Paul M. Beeks, of Kramer, Smith & Beeks, Twin Falls, for defendant-appellant.

W. Anthony Park, Atty. Gen., William F. Lee, Deputy Atty. Gen., Boise, and Howard E. Adkins, Lincoln Co. Pros., Shoshone, for plaintiff-respondent.

DONALDSON, Chief Justice.

Appellant James B. Trowbridge was charged by information with grand larceny of four calves in violation of I.C. §§ 18–4601 and 18–4604. He waived a preliminary hearing and pleaded guilty to the charge in district court. At the time of the offense, May 17, 1973, Trowbridge was employed as a range rider by the Star Lake Cattlemen's Association. He stated that he found one of the calves beside its dead mother and subsequently took it and three others to his brother's farm.

After considering a presentence investigation report and conducting a hearing, the district court sentenced appellant Trowbridge to five years in the penitentiary. On appeal, Trowbridge contends that imposition of a five-year prison sentence was an abuse of the district court's discretion and that the district court should have employed one of the sentencing alternatives available under I.C. § 19–2601, namely withholding judgment or suspending the sentence, and placing appellant on probation, or retaining statutory 120-day jurisdiction.

The presentence investigation report stated that Trowbridge was twenty-five years of age, a high school graduate, and in good health. Shortly before the hearing he had married and his wife had five children from a previous marriage. The report stated that although Trowbridge was unemployed at that time, he had obtained a promise of a job. Trowbridge was em-

ployed at the time of the sentencing hearing. The presentence report revealed that Trowbridge had twice been convicted of petit larceny at the age of eighteen, and that his record was clear between that time and the present offense, except for three traffic citations.

Noting that it would be difficult for appellant to obtain further employment in the cattle business, particularly in the locale of Gooding County and Lincoln County, the report recommended job re-training as part of any program of rehabilitation. The presentence report also noted the existence of "strong feelings" in the ranching community opposed to granting Trowbridge probation, based apparently, on the wish for an "example" to be set, rather than on personal animosity towards Trowbridge.

Witnesses in Trowbridge's behalf testified at the sentencing hearing that he had a good reputation for honesty prior to the offense in question. His wife testified that he was a good husband and father and that he contributed to the support of her children, over and above the child support payments she received from her former marriage.

Before the district court, and again on this appeal, the appellant has stressed the following additional mitigating factors which, he argues, make him a good candidate for probation. This is a first felony offense, appellant's two other criminal offenses having been misdemeanors which occurred more than seven years previously. No violence was associated with the crime. The appellant cooperated fully with law enforcement authorities when he was apprehended. He is married, with roots in the community, and does not appear to have undesirable associates or a pattern of living likely to lead to further criminal activity.

■ In determining whether to grant or to deny probation, the district court must consider:

(1) all the facts and circumstances surrounding the offense of which the defendant is convicted;

(2) whether the defendant is a first offender;

(3) the previous actions and character of the defendant;

(4) whether the defendant might reasonably be expected to be rehabilitated;

(5) whether it reasonably appears that the defendant will abide by the terms of the probation; and

(6) the interests of society in being protected from possible future criminal conduct of the defendant. State v. Ogata, 95 Idaho 309, 508 P.2d 141 (1973); State v. Kauffman, 94 Idaho 20, 480 P.2d 614 (1971); State v. Gish, 89 Idaho 334, 404 P.2d 595 (1965); State v. Mitchell, 77 Idaho 115, 289 P.2d 315 (1955).

A review of the remarks of the district court addressed to the defendant at the sentencing hearing discloses that the district court did consider all these factors. The district court noted that the offense involved a breach of duty, in that appellant stole four of the very animals with whose well-being and safety he had been entrusted. The district court further noted that the appellant had a prior history involving larceny, and expressed doubts, based on that fact, that he would abide by the terms of a probation. Furthermore, the district court expressed the opinion that an indeterminate sentence of five years, with a chance for parole on good behavior, would provide the appellant with an opportunity for proving his professed change of attitude for job re-training.

■ On an application for a review of a sentencing determination, our task is not to substitute our judgment for that of the district court, but to determine whether the decision of the district court represents a clear abuse of discretion. State v. Ogata, *supra*, 95 Idaho at 311, 508 P.2d at 143. Such an abuse of discretion will not ordinarily appear where the sentence imposed is within the limits prescribed by statute, State v. Butler, 93 Idaho 492, 493, 464 P.2d 931 (1970) and cases cited therein, and where the decision of the district court is based upon reason, rather than emotion

State v. Kauffman, *supra*, 94 Idaho at 22, 480 P.2d 614; State v. Moore, 93 Idaho 14, 16, 454 P.2d 51 (1969).

■■ In the instant case, the maximum penalty which can be imposed for the crime of grand larceny is imprisonment for fourteen years. I.C. § 18–4606. A sentence of five years is well within the statutory maximum. We do not agree that the record reveals that the district court was swayed from a thoughtful and conscientious decision by community sentiment. The district court specifically stated, "I don't make examples of anyone. I am very much opposed to it," and "punishment for the sake of punishment is an inhumane thing in which we do not believe." The remarks of the district court do not indicate a capitulation to community pressure.

Finding no abuse of the district court's sentencing discretion, we affirm the judgment.

SHEPARD, McQUADE and Mc-FADDEN, JJ., concur.

BAKES, J., concurs in the result.