519 P.2d 1171
John W. HART et al., Plaintiffs-Appellants,

v.

Reid STEWART, Defendant-Respondent.

Herman REISNER et al., Plaintiffs-Appellants,

v.

Reid STEWART, Defendant-Respondent.
No. 11297.

Supreme Court of Idaho.
March 11, 1974.

Merrill K. Gee, Pocatello, for plaintiffs-appellants.

Kent W. Foster of Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for defendant-respondent.

McQUADE, Justice.

This action arises out of an allegation by the plaintiffs-appellants, John W. Hart, Herman Reisner, Norman Reisner and Thelma R. Ramey, that the defendant-respondent, Reid Stewart, is interfering with their underground water supply. The appellants' consolidated action, an appeal from a decision by a Local Ground Water Board and a damage action was dismissed on the respondent's motion for summary judgment by the district court and the appellants have appealed that order of dismissal to this Court. The two consolidated actions will be discussed separately beginning with the appeal from the Water Board's decision.

In August 1968, the appellants requested the Department of Reclamation to form a Local Ground Water Board (hereinafter referred to as the Water Board) to determine if the respondent was responsible for their diminished water supply. The Water Board entered findings of fact, conclusions of law and an order dated July 1, 1970, which held that the appellants had failed to sustain their burden of proof of showing that the respondent was interfering with their water supply.

Rule 7.3 [1] of the Department of Water Administration's rules of practice provides that notice of a decision is effective upon it being placed in the mail, but there is no evidence in the record as to when the order was mailed to the appellants. The appellants filed a "Motion for Reconsideration" with the Water Board dated July 28, 1970, and again there is no indication of the date when it was received by the Water Board. The Department of Water Administration's rules of practice do not provide for motions for reconsideration but Rule 11 [2] provides for

1. I Idaho Water Laws and Regulations, Rules of Practice and Procedure, Rule 7.3, at 4, (1966.)

2. I Idaho Water Laws and Regulations, *supra*, note 1, Rule 11, at 9.

motions for rehearing after an order has been entered. Since the Water Board accepted the appellants' motion and ruled on it, the Water Board must have treated it as a motion for rehearing.[3]

The Department of Water Administration is an administrative agency and not a judicial tribunal, and its rules of practice do not provide for motions for a new trial, but do provide for motions for rehearings which are analogous to motions for a new trial. It is provided in I.C. § 13–201 that appeals to this Court must be taken within sixty days after entry of a judgment, but that the running of the sixty day limitation is tolled by a motion for a new trial. Neither the Department of Water Administration's rules of practice nor the limitation on appeals to the district court from a Water Board decision found in I.C. § 42–237e provide that a motion for rehearing tolls the time for appeals. In the past, this Court has held that absent a specific tolling provision in a statute of limitations, motions entered subsequent to a judgment had no effect on the running of the limitation.[4]

The rulings in these cases were modified by statute. However, in the interest of justice and fairness, and in an effort to achieve uniformity with I.C. § 13–201, we believe the better rule to be that motions for rehearings toll the limitation on appeals from Water Board decisions.

Rule 11.2[5] of the rules of practice provides that motions for rehearings must be filed within twenty days of notice of an order. Since there is no evidence of when the Water Board's order dated July 1, 1970, was mailed to the appellants, we must assume that the motion dated July 28, 1970, was timely

The Water Board issued an order dated September 14, 1970, that denied the appellants' motion for rehearing. On November 12, 1970, the appellants filed a notice of appeal with the district court from the denial of their motion for a rehearing and the Water Board's findings of fact, conclusions of law and order.

An appeal from a Water Board decision to the district court is governed by I.C. § 42–237[6] which provides that,

"Any person dissatisfied with any decision, determination, order or action * * * of any local ground water board made pursuant to this act may within sixty (60) days notice thereof take an appeal therefrom to the District Court * * *."

The respondent points out that the appellants had notice of the decision by July 28, 1970 (the date of their motion for rehearing) and their notice of appeal was filed on November 12, 1970, which is clearly in excess of the sixty day limitation. The appellants contend that the sixty day limitation was tolled by their motion for rehearing and that it did not begin to run until the denial of their motion on September 14, 1970, which makes their November 12, 1970, notice of appeal timely.

The Department of Water Administration is authorized by I.C. § 42–406 "to make such rules and regulations as may be necessary * * * to the proper administration * * * of this chapter." In accordance with I.C. § 42–406 the Department of Water Administration has promulgated rules to "govern all practice and procedure before the Director, or any

---

3. It is presumed that public officials will perform their duties. Alamo v. Darrington, 95 Idaho 16, 501 P.2d 700 (1972); State v. Bronson, 94 Idaho 306, 486 P.2d 1019 (1971); Keller v. Magic Water Co., 92 Idaho 276, 441 P.2d 725 (1968).

4. Idaho Gold Dredging Corp. v. Boise Payette Lumber Co., 54 Idaho 270, 30 P.2d 1076 (1934); Walton v. Clark, 40 Idaho 86, 231 P. 713 (1924); Miller v. Prout, 32 Idaho 728, 187 P. 948 (1920).

5. I Idaho Water Laws and Regulations, *supra*, note 1, Rule 11.2, at 9.

6. The Administrative Procedures Act provides in I.C. § 67–5215(b) that it applies to all appeals from administrative decisions except where otherwise provided by law, and since I.C. § 42–237e provides for review of Water Board decisions, the Administrative Procedures Act is not applicable.

Local Ground Water Board."[7] Rule 11[8] provides for motions for rehearings after a decision has been rendered by a Water Board.

The Department of Water Administration's rules of practice do not provide that a motion for rehearing tolls the sixty day limitation, and there is no tolling provision in I.C. § 42–237e for rehearing motions. The respondent argues that absent a specific tolling provision, the motion for a rehearing had no effect on the running of the sixty day limitation.

The cases are divided on the effect of a motion for rehearing on an appeal from an administrative decision.[9] To hold that the motion for rehearing had no effect on the sixty day limitation would put the appellants in the position of having to file a motion for rehearing and appeal from the order to the district court at the same time. The court could decide the issues presented in the appeal and subsequently the Water Board could change its order through the rehearing motion making the court's action meaningless. The better rule of law clearly appears to be that a motion for rehearing tolls the sixty day limitation. Therefore, we hold that appellants' appeal from the Water Board order to the district court was timely.

In an appeal to the district court from a Water Board's decision it is provided in I.C. § 42–237e that "The District Court shall try the same anew at the hearing on the appeal." Since the appellants' appeal was dismissed on a motion for summary judgment they were prevented from trying their case anew or *de novo* and therefore this action must be remanded to the district court. The action may be completely retried in the district court, or the parties may stipulate and submit the case to the court on the basis of the Water Board hearing record, or produce additional testimony if necessary. The district court must enter findings of fact, conclusions of law and enter judgment.

On November 10, 1970, the appellants also filed an action for damages in the district court alleging that the respondent was interfering with their water supply and requested damages for past interference and an injunction against future interference. The damage action was consolidated with the appellants' appeal from the Water Board's decision and both were dismissed on the respondent's motion for summary judgment. The appellants' allegations in their complaint that the respondent had interfered with their water supply in the years 1967 through 1970, thereby causing them damages, presents material issues of fact and therefore that action is not subject to summary judgment.

Costs to appellants.

SHEPARD, C. J., and DONALDSON, McFADDEN, and BAKES, JJ., concur.

---

7. I Idaho Water Laws and Regulations, *supra*, note 1, Rule 2.1, at 1.

8. *Ibid.*, Rule 11, at 9.

9. 2 F. Cooper, State Administrative Law, 581–585 (1965) ; Rames, Exhausting Administrative Remedies : The Rehearing Bog, 11 Wyo. L.J. 143 (1957). *See also:* 3 K. Davis, Administrative Law Treatise § 20.08 (1958).