**Dale E. BOLES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15793.**

Court of Criminal Appeals of Oklahoma.

May 3, 1972.

Jerome Sullivan, Jr., Duncan, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Dale E. Boles, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Stephens County, Oklahoma to the offense of Robbery with a Dangerous Weapon; his punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, an appeal has been perfected to this Court.

The record reflects that the defendant, with counsel, entered a plea of guilty on November 18, 1969, at which time the defendant urged the court to consider his application for a suspended sentence. The following day, the court heard certain witnesses called by the defendant in support of his application for suspended sentence, whereupon the court took the matter under advisement and requested a pre-sentence report from the Department of Pardon and Parole. Thereafter, on December 19, 1969, upon receipt of the pre-sentence report, the trial court denied defendant's request for suspension of sentence, and sentenced the defendant to serve a term of five (5) years in the state penitentiary. Defendant does not allege any irregularities concerning the plea of guilty, but rather, asserts that the trial court abused its discretion in denying defendant's application for suspended sentence for the sole reason of the nature of the crime charged.

This proposition is well taken; although the record before this Court is not complete, it is apparent that all the evidence presented to the trial court was favorable to the defendant receiving a suspended sentence. Indicative of such is the summation of the pre-sentence report which stated:

"Subject is a 19-year-old white male, and is a lifelong resident of Duncan, Okla-

homa. He comes from a middle, socio, economic background, and was raised in the home of middle class parents that were sort of pushing their son on to college and success. Apparently, this caused a great deal of turmoil to him, and his way of solving his predicament was in commiting a crime. There appears to be a lot of strength in his family and support from his neighborhood. He seems genuine in his remorse and guilt for having commited a crime."

The court's order in denying the suspended sentence states:

"The Court thereupon announced that said pre-sentence investigation contained nothing unfavorable toward defendant, but that by reason of the crime charged the Court finds that said defendant's application for suspension of imposition or execution of sentence, with probation, or suspended sentence, with probation, should be overruled, to which ruling of the Court the defendant duly and legally excepted and exceptions should be allowed."

In Gillespie v. State, Okl.Cr., 355 P.2d 451 (1960), we stated:

"It is apparent that the trial court did not consider the showing made in support of the application for a suspended sentence, but denied it for the sole reason defendant had tried his cause before a jury and lost. A policy designed to deny defendant a suspended sentence solely because he demanded a jury trial is contrary to law and an unjustifiable denial of defendant's rights to have his application for a suspended sentence considered upon its merits.

"In considering the application for suspension, the court must consider among other things, the showing made as to whether the defendant is a first offender, as to his previous character, and actions and as to whether it reasonably appears that defendant will abide by the terms of his probation and may be reasonably expected to be compatible with society and likewise consider society's interest. Whether the evidence before the court was sufficient to justify granting or denying the application is not the question before the court. The fact is that the court denied the application upon grounds not sanctioned by law. It was held in the case of People v. Jones, 87 Cal.App. 482, 262 P. 361 that [People v. Mitchell, 77 Idaho 115, 289 P.2d 315, 317]:

'The question of whether the trial court exercised its discretion in passing upon the application for probation or whether the trial court refused to exercise its discretion upon all the facts and based its refusal of probation upon a ground not sanctioned by law is a question of law reviewable upon appeal.' "

In the instant case, the trial court based its refusal of probation upon the sole ground that the crime was robbery, a ground not sanctioned by the then existing law.[1]

The plea of guilty is accordingly affirmed with directions that the order of the trial court denying the application for suspended sentence is hereby vacated, and the cause is remanded to the trial court with directions to consider defendant's application for suspended sentence, and to grant or deny the same upon grounds sanctioned by law, and to again pronounce sentence as prescribed by this opinion. Reversed and remanded.

SIMMS and BRETT, JJ., concur.

1. Title 22 O.S., § 991(a).