Donna Colleen FLETT, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. C–86–601.

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1988.

Jack L. Shears, Shears and Shears, Ponca City, for petitioner.

No Response Necessary.

## OPINION

PARKS, Judge:

The petitioner, Donna Colleen Flett, entered a plea of guilty to the charge of Driving While Under the Influence of Alcohol (47 O.S.Supp.1985, § 11–902) in Case No. CRM–86–159, in the Kay County District Court. The trial court accepted the plea and sentenced petitioner to one (1) year imprisonment with all but ten (10) days suspended and a fine of three-hundred ($300.00) dollars. Petitioner filed a timely application to withdraw her plea. Following a hearing on petitioner's application, the trial court denied the request. Petitioner then filed a petition for Writ of Certiorari. We assume jurisdiction.

Petitioner asks for alternative forms of relief: (1) that she be allowed to withdraw her plea and proceed to jury trial, or (2) that this Court modify her sentence due to the trial court's abuse of discretion in refusing to grant her request for a deferred sentence under 47 O.S.Supp.1985, § 11–902.2. In support of her request for relief, petitioner calls attention to the general policy which is employed by the Kay County District Court with regard to persons convicted of driving while intoxicated. While it is agreed by the parties that a deferred sentence is permissible under 47 O.S.Supp.1985, § 11–902.2, the uniform policy in Kay County is to force adult offenders to serve time in prison, regardless of the surrounding circumstances. When questioned by petitioner with regard to this policy, the district judge stated that he did "not want to depart from [his] usual mode of sentencing in these cases." He refused petitioner's request for a deferred sentence because he felt he "must keep with [his] commitment that [Kay County has] followed in recent years in dealing with DUI cases."

We are concerned by this attitude because statutes enacted by by the state legislature are obviously being ignored. The compelling circumstances of petitioner's case reflect this injustice. At the time of this offense, petitioner was a thirty-five (35) year old woman, who had recently suffered the unexpected death of her only child. Soon thereafter, this unfortunate occurrence led to her divorce. She also was informed that she could no longer have children. The final blow was apparently the remarriage of her ex-husband and the pregnancy of his new wife. Petitioner has a career as a chiropractor and is well-respected in the community. She has never before been convicted of an alcohol-related offense. At the time of her request for a deferred sentence, she had already begun counseling to overcome her problem. The district court admitted that she had a "good case for deferral, one of the best [he'd] seen in recent years." However, upon the State's recommendation that he follow the normal policy of incarceration to adult offenders, he refused to give a deferred sentence.

The evidence supporting the request for deferred sentence is overwhelmingly favorable to petitioner. This Court, in *Boles v. State*, 497 P.2d 449 (Okla.Crim.App.1972), dealt with a similar situation in which the evidence was greatly favorable to the defendant. In that case, the defendant pled guilty to the offense of robbery with a firearm and asked that his sentence be suspended. The trial court refused solely because of the nature of the crime. This Court reversed and remanded, stating that the trial court had abused its discretion, and ordered that the original sentence of the trial court be vacated for further consideration of the surrounding circumstances presented by the defendant.

By acting as it did, the Kay County District Court thwarted the purpose of 47 O.S. Supp.1985, § 11–902.2. The district court failed to adequately consider the rehabilitative benefits of 47 O.S.Supp.1985, § 11–902.2, especially in light of the compelling circumstances presented by petitioner. Because of its general policy of giving "equal time for equal crime" without individual consideration, the district court abused its discretion.

Accordingly, the plea of guilty is AFFIRMED with directions that the order of the district court denying the deferred sentence is hereby VACATED. The cause is REMANDED to the district court with directions to consider petitioner's application for deferred sentence, and to grant or deny the same as prescribed by 47 O.S.Supp. 1985, § 11–902.2, and to again pronounce sentence consistent with the views expressed herein. REVERSED AND REMANDED.

BRETT, P.J., and BUSSEY, J., concurs.